FILED
COURT OF APPEALS
DIVISION II

2013 NOV -5 AM 8: 57

STATE OF WASHINGTON
BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| GRANVILLE CONDOMINIUM HOMEOWNERS ASSOCIATION, a Washington non-profit corporation, | No. 43157-2-II |
| Appellant and Cross-Respondent, | |
| v. | |
| MICHAEL K. KUEHNER and BRENDA W. KUEHNER, husband and wife, | PUBLISHED OPINION |
| Respondents and Cross-Appellants. | |

WORSWICK, C.J. — Granville Condominium Homeowners Association (HOA) appeals the superior court's summary judgment dismissal of their action for unpaid monthly operating and maintenance assessments against Michael and Brenda Kuehner, who lived in a unit rent free in satisfaction of a debt. The Kuehners cross appeal the superior court's denial of their request for attorney fees.

The HOA argues that the superior court erred in granting summary judgment to the Kuehners because (1) under the terms of the "Granville Condominium Declaration" (the Declaration), the Kuehners should be held responsible for the amount of unpaid assessments accrued during their occupancy of Casey and Gwen Ingels' unit; (2) under the Washington Condominium Act, ch. 64.34 RCW, the Kuehners should be held jointly and severally liable with

the Ingels for all unpaid assessments; (3) the Kuehners should be required to pay the unpaid assessments under a theory of quantum meruit; and (4) under the terms of the Declaration, the HOA should be awarded reasonable attorney fees for having to seek judicial enforcement of the terms of the Declaration. The Kuehners argue that the superior court should have awarded them attorney fees because the HOA's case presented no fairly debatable issues and was therefore frivolous.

Because neither the Declaration nor the Washington Condominium Act supports the HOA's claims, we affirm the superior court's summary dismissal of their case. In addition, because the issue presented by this case—whether a tenant-at-will may be held liable for a condominium owner's delinquent common operating and maintenance expense assessments—is one of first impression in Washington, we hold that the superior court did not act in a manifestly unreasonable manner in denying attorney fees to either party; therefore, we affirm the superior court's denial of attorney fees to both parties.

## FACTS

The Kuehners lent the Ingels over $100,000 for business projects. When the Ingels were unable to timely repay the loan, they "came to an arrangement" with the Kuehners: The Ingels would satisfy their debt by allowing the Kuehners to live in the Ingels' condominium unit rent free. Clerk's Papers (CP) at 98. The parties did not record the terms of this arrangement or execute a lease agreement. However, it is undisputed that the Kuehners did not pay the Ingels (or the HOA) to live in the condominium.[1]

---

[1] Presumably, the Kuehners deducted the reasonable monthly rent from the debt owed by the Ingels: Michael Kuehner was "under the impression that the use of the condominium was in trade for the debt owed." CP at 99.

At the time the parties made this arrangement, the HOA already had recorded a lien under RCW 64.34.364[2] and the terms of the Declaration[3] against the Ingels' unit for $3,555.22 in unpaid assessments related to condominium common operating expenses, such as utilities. The record does not reflect that the Kuehners knew of the lien when they agreed to the arrangement with the Ingels.

In October 2010, the Kuehners moved into the Ingels' condominium. Despite the lien on the unit and the lack of a written lease agreement, HOA member Beaver Brinkman provided the Kuehners with all necessary keys and a garage door opener for the Ingels' unit. Brinkman did not discuss the Ingels' unpaid HOA dues at this time or indicate that the Kuehners would be responsible for such dues during the term of their tenancy.

A few months after they moved in, Brinkman approached the Kuehners about the Ingels' unpaid HOA assessments. He requested that the Kuehners "make the payments because a number of owners had not been paying the association dues [and] that utilities and other maintenance items would be shut off if the assessments weren't paid." CP at 99. The Kuehners made partial payments on a voluntary basis "based upon [Brinkman's] representations . . . regarding the potential to have utilities, such as garbage and elevator services shut off on the premises." CP at 99. The HOA did not record a lien against the Ingels' unit, the Kuehners, or the Ingels for the remaining unpaid assessments.

---

[2] RCW 64.34.364(1) provides that a condominium association "has a lien on a unit for any unpaid assessments levied against a unit from the time the assessment is due."

[3] RCW 64.34.200(1) provides that a "condominium may be created pursuant to [the Washington Condominium Act] only by recording a declaration." In the event of a conflict between the provisions of an HOA's bylaws and a condominium declaration, the declaration prevails "except to the extent the declaration is inconsistent with [the Washington Condominium Act]." RCW 64.34.208(3).

In November 2011, the HOA filed a complaint for money due against the Kuehners in superior court. The HOA did not include the Ingels as defendants. The HOA admitted that the Ingels own the condominium, that the Kuehners were not paying rent to occupy the unit, and that the Ingels were delinquent in their assessment payments in the amount of $7,780.08 at the time the Kuehners began occupying the Ingels' condominium. The HOA argued that "[e]ven though the defendants Kuehner are not owners of the unit and not technically members of the [HOA], they have been utilizing and consuming the utilities and services made available to them as occupants" and, as a result, "are indebted to the [HOA] in the amount of $5,671.80 for unpaid assessments . . . during the period of their occupancy." CP at 3-4.

The HOA requested a judgment for the $5,671.80 the Kuehners allegedly owed, in addition to a "judgment in the amount of $7,780.08, plus interest owed by owners [the Ingels] for the period of time prior to defendants' occupancy of the premises, provided that said amount does not exceed the amount of reasonable rent owed by the defendants to said owners." CP at 5. In their answer to the complaint, the Kuehners maintained that the HOA "has sued the incorrect party." CP at 8.

On December 20, the HOA filed a motion for partial summary judgment.[4] The HOA argued that the Declaration "is a recorded document and therefore constitutes notice to the public, including defendants, of the obligation to pay the monthly assessments to the homeowners association." CP at 13. The HOA also argued that under RCW 64.34.364(12), the

---

[4] The HOA's motion for partial summary judgment did not address its claim that the Kuehners should pay the $7,780.08 owed by the Ingels for assessments that had accrued prior to the Kuehners' occupancy.

Kuehners and Ingels should be held jointly liable for the unpaid assessments.[5] Finally, the HOA argued that on the basis of quantum meruit, the Kuehners should be liable for the outstanding assessments accrued during their occupancy period.[6]

Before the hearing on the HOA's summary judgment motion, the Kuehners filed a motion to dismiss under CR 12(b)(6).[7] The Kuehners argued that while the Declaration is a recorded real property instrument, it does not establish contractual privity between the HOA and the Kuehners and, accordingly, the HOA should be seeking the outstanding assessments from the Ingels. In addition, the Kuehners argued that the only appropriate remedy an HOA may pursue against a tenant for outstanding assessments is governed by RCW 64.34.364(10), which provides,

> From the time of commencement of an action by the association to foreclose a lien for nonpayment of delinquent assessments against a unit that is not occupied by the owner thereof, the association shall be entitled to the appointment of a receiver to collect from the lessee thereof the rent for the unit as and when due. If the rental is not paid, the receiver may obtain possession of the unit, refurbish it for rental up to a reasonable standard for rental units in this type of condominium, rent the unit or permit its rental to others, and apply the rents first to the cost of the receivership and attorneys' fees thereof, then to the cost of refurbishing the unit, then to applicable charges, then to costs, fees, and charges of the foreclosure action, and then to the payment of the delinquent assessments. Only a receiver may take possession and collect rents under this subsection, and a receiver shall not be appointed less than ninety days after the delinquency. The exercise by the

---

[5] RCW 64.34.364(12), discussed more fully below, provides that in a voluntary conveyance of a unit, the grantee and grantor are jointly liable for unpaid assessments.

[6] The HOA also argued that it was entitled to reasonable attorney fees.

[7] As explained more fully below, although filed as a motion to dismiss under CR 12(b)(6), it is clear that the superior court treated the Kuehners' motion as one for summary judgment under CR 56(c): The court considered matters outside the pleadings, including the Declaration and the other evidence submitted supporting and responding to the HOA's motion for summary judgment.

association of the foregoing rights shall not affect the priority of preexisting liens on the unit.

On February 3, 2012, the superior court heard argument on both motions. After explaining that it had looked at the statutes in question, the Declaration, and the parties' motions and responses, the court ruled that the assessment "obligation is that of the owner, not the tenant." Report of Proceedings (RP) (Feb. 3, 2012) at 16. The court then granted the Kuehners' motion[8] but did not award attorney fees because it did not find that the HOA's suit was frivolous or advanced without reasonable cause.

The HOA now appeals, arguing that the superior court erred in failing to grant its motion for partial summary judgment and in granting the Kuehners' dismissal motion. The Kuehners cross appeal the superior court's denial of attorney fees.

## ANALYSIS

### I. STANDARD OF REVIEW

As a preliminary matter, while the superior court's order of dismissal states that it granted the Kuehners' motion to dismiss "based upon CR 12(b)(6)," it is clear from the record that the court considered matters beyond the face of the complaint and outside the pleadings, including the Declaration. CP at 204. *See, e.g.*, RP (Feb. 3, 2012) at 14 ("I have also looked very closely at the declaration, in particular, the pertinent sections that apply."). Because "[a] motion to dismiss for failure to state a claim is treated as a motion for summary judgment when matters outside the pleading are presented to and not excluded by the court," we treat the Kuehners' CR

---

[8] The superior court did not explicitly deny the HOA's summary judgment motion. However, because granting the Kuehners' dismissal motion was dispositive, the superior court effectively denied the summary judgment motion sub silentio.

6

12(b)(6) as a motion for summary judgment. *Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 103 Wn.2d 800, 802, 699 P.2d 217 (1985).

We review a superior court's summary judgment order de novo. *Torgerson v. One Lincoln Tower, LLC*, 166 Wn.2d 510, 517, 210 P.3d 318 (2009). Summary judgment is appropriate only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c). A material fact is one on which the outcome of the litigation depends in whole or in part. *Atherton Condo. Apartment-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact. *See, e.g., LaPlante v. State*, 85 Wn.2d 154, 158, 531 P.2d 299 (1975). "If the moving party is a defendant and meets this initial showing, then the inquiry shifts to the party with the burden of proof at trial, the plaintiff. If, at this point, the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then the trial court should grant the motion." *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (footnote omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

## II. THE GRANVILLE CONDOMINIUM DECLARATION

The HOA argues that under the Declaration's terms, the Kuehners were obligated to pay monthly assessments levied against the Ingels' condominium. Because the Declaration makes these assessments the unit owners' personal obligation, we disagree.

"A condominium declaration is like a deed, the review of which is a mixed question of law and fact." *Lake v. Woodcreek Homeowners Ass'n*, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). The factual issue is the declarant's intent, which we discern from the face of the declaration; the declaration's legal consequences are questions of law we review de novo. *Lake*, 169 Wn.2d at 526. Here, section 16(f) of the Declaration states,

> Each Unit Owner shall be obligated to pay Assessments. . . .
>
> . . . .
> No Unit Owner may exempt himself from liability for payment of Assessments, monetary penalties, and other fees and charges levied pursuant to the Declaration by waiver or nonuse of any of the Common Elements and facilities or by the abandonment of his or her Unit.

CP at 132-33. Section 11(b) states,

> An Owner of any Unit may lease or rent his or her Unit for any residential purpose (except hotel or transient purposes) at any time subject to the provisions of this Declaration. Each lease or rental agreement shall be in writing and by its terms shall provide that the terms of the lease or rental agreement are subject in all respects to the provisions of this Declaration and the Bylaws of the Association, and all rules and regulations promulgated thereunder. The Association shall not consent to any lease, rental agreement or sublease, the effect of which will result in non-compliance with this Section.

CP at 118. And section 16(k) states,

> <u>Rental Units</u>. If a Unit is rented by its Owner, the Board may collect and the Tenant shall be obligated to pay over to the Board so much of the rent for such Unit as is required to pay any amounts due for Assessments.

CP at 134.

The HOA appears to argue that when taken together, these provisions imputed liability to the Kuehners for the Ingels' unpaid common expense condominium assessments. But section 16(f) contains no provision that the owner's *tenant* is obligated to pay assessments, just the owner. Additionally, section 11(b) is inapplicable here because there was no written rental agreement. The HOA could have but did not demand that the Ingels execute a written lease that

complied with section 11(b). And section 16(k) is inapplicable because the Kuehners did not pay any rent, so there was no rent for the HOA to collect.

Thus, by the Declaration's clear terms, the obligation to pay monthly assessments belongs solely to the unit owner. This obligation cannot be imputed to the Kuehners. Accordingly, the HOA's argument that the Kuehners were liable for the monthly assessments lacks merit.

### III. JOINT AND SEVERAL LIABILITY

The HOA next argues that under RCW 64.34.364(12), the Kuehners should be held jointly and severally liable (with the Ingels) for unpaid assessments related to the Ingels' unit. Because the arrangement between the Kuehners and the Ingels does not involve a "voluntary conveyance" of property, we disagree.

RCW 64.34.364(12) provides,

> In addition to constituting a lien on the unit, each assessment shall be the joint and several obligation of the owner or owners of the unit to which the same are assessed as of the time the assessment is due. In a voluntary conveyance, the grantee of a unit shall be jointly and severally liable with the grantor for all unpaid assessments against the grantor up to the time of the grantor's conveyance, without prejudice to the grantee's right to recover from the grantor the amounts paid by the grantee therefor. Suit to recover a personal judgment for any delinquent assessment shall be maintainable in any court of competent jurisdiction without foreclosing or waiving the lien securing such sums.

The statute fails to define "voluntary conveyance" and neither party offers a definition of the term. However, when read in context with the rest of RCW 64.34.364, the meaning is clear. RCW 64.34.364(11) states that "the holder of a mortgage or other purchaser of a unit who obtains the right of possession of the unit through foreclosure shall not be liable for assessments . . . that became due prior to such right of possession." In contrast, RCW 64.64.364(12) explains

9

what happens in situations where conveyance of a unit is made voluntarily, as through a gift or sale.

Here, it is undisputed that the arrangement between the Ingels and Kuehners did not involve a conveyance of the condominium under RCW 64.34.364. The Kuehners were mere tenants-at-will. RCW 64.34.364(12) is inapplicable to this situation and this argument lacks merit.

## IV. QUANTUM MERUIT

The HOA next argues that "[e]ven if [the] Kuehners were not obligated by their knowledge of the recorded requirement of payment of the monthly homeowner's dues, or the Condominium Act, they are obligated to pay for the benefits provided to them on the basis of quantum meruit."[9] Br. of Appellant at 8 (bolding omitted). But the HOA fails to adequately explain this assignment of error or provide us with reference to any authority supporting its position.

Quantum meruit "is the method of recovering the reasonable value of services provided under a contract implied in fact." *Young v. Young*, 164 Wn.2d 477, 485, 191 P.3d 1258 (2008). A contract implied in fact

> is an agreement depending for its existence on some act or conduct of the party sought to be charged and arising by implication from circumstances which,

---

[9] The HOA states that quantum meruit "describes the extent of liability on a contract implied by law." Br. of Appellant at 8. This is incorrect. Unjust enrichment claims are claims involving contracts implied in law (sometimes called quasi contracts) whereas quantum meruit claims involve contracts implied in fact. *Chandler v. Wash. Toll Bridge Auth.*, 17 Wn.2d 591, 600, 137 P.2d 97 (1943). "The two terms are distinct approaches founded on discrete legal theories." *Young v. Young*, 164 Wn.2d 477, 483, 191 P.3d 1258 (2008). Because the HOA fails to adequately develop a claim for unjust enrichment in its briefs, we deem any such claim abandoned. *Kittitas County v. Kittitas County Conservation Coal.*, ___ Wn. App. ___, 308 P.3d 745, 752 (2013) ("Unsubstantiated assignments of error are deemed abandoned.").

according to common understanding, show a mutual intention on the part of the parties to contract with each other. The services must be rendered under such circumstances as to indicate that the person rendering them expected to be paid therefor, and that the recipient expected, or should have expected, to pay for them.

*Johnson v. Nasi*, 50 Wn.2d 87, 91, 309 P.2d 380 (1957). "[T]he elements of a contract implied in fact are (1) the defendant requests work, (2) the plaintiff expects payment for the work, and (3) the defendant knows or should know the plaintiff expects payment for the work." *Young*, 164 Wn.2d at 486.

Here, the HOA fails to explain the circumstances "which, according to common understanding, show a mutual intention on the part of the parties to contract with each other." *Johnson*, 50 Wn.2d at 91. The HOA also fails to cite any authority for the proposition that a tenant-at-will may be liable under a theory of quantum meruit for common expense assessments owed by his or her landlord. Accordingly, we refrain from further addressing this issue.[10] RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

## V. ATTORNEY FEES

Both parties argue that they were entitled to an award of attorney fees below and are entitled to attorney fees on appeal. Although the HOA's suit against the Kuehners fails in light of our interpretation of the provisions of the Declaration and the Washington Condominium Act, we conclude that the superior court did not err in denying an award of attorney fees to the Kueheners or the Ingels below. Because this is a matter of first impression, it was a debatable

---

[10] The HOA argues that "[i]t is hard to imagine a scenario where someone living in a rented residential unit can claim to have no liability for the utilities and services they are using." Br. of Appellant at 9. But this arrangement is actually quite common. In many residential leases, utilities are included in the cost of the rent. Here, because the Kuehners and Ingels did not reduce their arrangement to writing, we have no way of knowing how the parties intended to handle the condominium common expenses. Nevertheless, the HOA has the burden of adequately explaining this assignment of error and, here, they have failed to meet that burden.

issue of law whether a tenant-at-will could be held liable for a condominium owner's delinquent HOA assessments as no Washington case has addressed this scenario. Thus, although we reject the HOA's arguments, we do not believe the HOA's suit was frivolous: the superior court did not err in denying attorney fees below, and we refrain from awarding either party attorney fees on appeal.

A. ATTORNEY FEES BELOW

Under RCW 4.84.185, we review a superior court's denial of a request for reasonable attorney fees and costs for an abuse of discretion. *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 745, 218 P.3d 196 (2009). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Dix v. ICT Grp., Inc.*, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007). A court necessarily abuses its discretion when basing its decision on an erroneous view of the law or when applying an incorrect legal standard. *Dix*, 160 Wn.2d at 833.

When an action is frivolous, RCW 4.84.185 authorizes the superior court to award the prevailing party reasonable expenses, including attorney fees. *Bldg. Indus. Ass'n*, 152 Wn. App. at 745. "A lawsuit is frivolous if, when considering the action in its entirety, it cannot be supported by any rational argument based in fact or law." *Wright v. Dave Johnson Ins. Inc.*, 167 Wn. App. 758, 785, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012).

Here, the HOA's main argument below was that under either the Declaration's terms or the provisions of the Washington Condominium Act, the Kuehners should be held liable for the Ingels' unpaid common expense assessments. While this was an incorrect interpretation of both the Declaration and the Washington Condominium Act, we do not believe this argument to be a frivolous one. There is a paucity of Washington law covering the relationship between

12

condominium tenants and the HOAs that pay for and operate such buildings. Accordingly, we are not convinced that this lawsuit presented "no debatable issues and [was] so devoid of merit that no possibility of reversal exist[ed]." *W.R.P. Lake Union Ltd. P'ship v. Exterior Servs., Inc.*, 85 Wn. App. 744, 752, 934 P.2d 722 (1997). The superior court did not abuse its discretion in failing to award the Kuehners attorney fees below.[11]

B. ATTORNEY FEES ON APPEAL

The Kuehners argue that "[b]ecause Granville HOA can still cite no statute, case law, or contract which grants them an action against the Kuehners, this Court should grant [them] attorney fees and costs incurred in defending this appeal" under RAP 18.9(a). Br. of Resp't at 25-26. We disagree.

RAP 18.9(a) allows us to award sanctions, such as a grant of attorney fees and costs to an opposing party, when a party brings a frivolous appeal. "[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal." *Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187 (1980). "[A]n appeal that is affirmed simply because the arguments are rejected is not for that reason alone frivolous." *Carillo v. City of Ocean Shores*, 122 Wn. App. 592, 619, 94

---

[11] The Kuehners also argue that under RCW 64.34.455, the superior court should have awarded them reasonable attorney fees in this action. RCW 64.34.455 provides,

> If a declarant or any other person subject to this chapter fails to comply with any provision hereof or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief. The court, in an appropriate case, may award reasonable attorney's fees to the prevailing party.

This statute grants the superior court discretion as to whether to award reasonable attorney fees, and we do not find the superior court abused its discretion when it did not award attorney fees under this statute.

No. 43157-2-II

P.3d 961 (2004). In addition, we resolve all doubts to whether an appeal is frivolous in favor of the appellant. *Camer v. Seattle Sch. Dist. No. 1*, 52 Wn. App. 531, 540, 762 P.2d 356 (1988).

Here, as explained above, the HOA incorrectly interpreted its own Declaration and certain provisions of the Washington Condominium Act. Nevertheless, this appeal did present an issue of first impression—whether a tenant-at-will may be held liable for a condominium owner's delinquent common operating and maintenance expense assessments. As a general rule, we will not find a case frivolous when it presents an issue of first impression. *See, e.g., Jeckle v. Crotty*, 120 Wn. App. 374, 387-88, 85 P.3d 931 (2004). Seeing no reason to depart from that rule in these circumstances, we refrain from awarding either party attorney fees on appeal.

We affirm.

_____
WORSWICK, C.J.

We concur:

_____
HUNT, J.

_____
MAXA, J.

14