
# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

IN RE MARRIAGE OF:     )
CARLA D. BIERLINE,     )
    )     No. 71344-2-I
       Appellant,     )
    )     DIVISION ONE
    v.     )
    )
TODD J. BIERLINE,     )     UNPUBLISHED OPINION
    )
       Respondent.     )     FILED: <u>March 9, 2015</u>

SPEARMAN, C.J. —Carla Bierline was granted a share of Todd Bierline's Department of Labor & Industries settlement pursuant to a dissolution decree. She seeks review of the trial court's order finding her action to enforce this award as time barred. Because she has failed to preserve the error, we decline to review the issue and affirm.

## FACTS

The parties initiated divorce proceedings in January of 2003. The decree of dissolution, entered June 12, 2003, provided that Respondent Todd Bierline was awarded 65 per cent of his pending Labor and Industries (L&I) and medical malpractice settlements. Appellant Carla Bierline was awarded 35 per cent of the pending settlement amounts. When the parties initially filed for divorce, the L& I and malpractice actions were still pending. Respondent neglected to inform

Appellant or the trial court that he reached a settlement in his L&I claim in March 2003 and had already received payments totaling $83,332.58 from L&I at the time the decree was entered. Thus, no money judgment summary was entered with the decree.

When Appellant discovered that Respondent had received these settlement funds, she noted a motion for an order enforcing the decree of dissolution, clarifying and compelling payments, and entry of judgment. The hearing was set for August 27, 2003. Two days before the hearing, Respondent filed for Chapter 13 bankruptcy in the Western District of Washington. As a result, the trial court declined to address Appellant's motion pending receipt of a stay from the bankruptcy court or dismissal of Respondent's bankruptcy proceeding.

Ultimately, the bankruptcy court found that Respondent had acted in bad faith in filing the Chapter 13 bankruptcy. It also found that he had engaged in other deceptive practices, like hiding money in his bathroom and frivolous spending on personal items, to conceal the settlement funds. As a result, the bankruptcy was dismissed on February 11, 2004.

On March 11, 2004, one month after the bankruptcy case was dismissed, Appellant re-noted a hearing on her motion for an order clarifying and enforcing the decree. On March 26, 2004, the trial court entered an order granting the motion. The order set forth a judgment summary in the principal amount of $29,166.40 plus interest as of March 11, 2004 and attorney's fees of $1,500.

No further action took place in this case until October 3, 2013, when Appellant filed a motion for examination. In the motion, Appellant claimed

2

entitlement to an unpaid judgment against Respondent in the amount of $33,284.18. The trial court entered an order granting the motion on October 4, 2013.

On November 18, 2013, Respondent filed a motion to quash the order of examination and halt further enforcement proceedings as time barred under RCW 4.16.020 and 6.17.020. He noted two separate hearings on the motion. The first notice set the hearing on the docket for non-dispositive motions without oral argument in unassigned cases. CP at 69-70. It appears undisputed that this hearing was improperly set and stricken by the court. The second notice set the hearing on the docket of Judge Catherine Shaffer on November 27, 2013. Appellant did not file a response to this motion or appear at the hearing. On December 3, 2013, the court filed an order quashing the order of examination and halting all further enforcement proceedings as time barred. Appellant seeks review of this decision.

## DISCUSSION

Appellant assigns error to the trial court's findings that March 26, 2004, the date of the order clarifying and enforcing the decree of dissolution, was not the effective date for determining the applicable limitations period and that her enforcement action was time barred. As a threshold matter, we consider Respondent's argument that Appellant has failed to preserve these alleged errors for review.

Failure to raise an issue before the trial court generally precludes a party from raising it on appeal. Smith v. Shannon, 100 Wn.2d 26, 37, 666 P.2d 351

3

No. 71344-2-I/4

(1983); RAP 2.5(a). A party cannot appeal an order resulting from a motion to which it did not respond. State v. Aguirre, 73 Wn. App. 682, 687, 871 P.2d 616, 619 (1994). Here, it is undisputed that Appellant did not contest the motion that resulted in the order of which she complains on appeal, i.e., the order quashing the order for examination and halting further enforcement proceedings. Nor did she seek reconsideration of the order granting the motion under CR 59 or move to vacate the order under CR 60. Nevertheless, noting that RAP 2.5(a) is written in discretionary, rather than mandatory terms, she asserts her claims merit review. We disagree.

Appellant contends that her failure to respond to the motion below was "[d]ue to a miscommunication on the status of the hearing." Brief of Appellant at 3. In her reply brief, Appellant explains that because the motion on the unassigned cases docket was stricken by the court, she was waiting for the matter to be re-noted before filing a response to Respondent's motion. Appellant claims she was never served with notice of the second hearing on Judge Schaffer's docket, which proceeded as scheduled on November 27, 2003 and resulted in the dismissal of her enforcement action. The record is inadequate for us to resolve, Appellant's claims as to why she failed to respond to the motion below and, as the party seeking review, it is her burden to perfect the record so that the reviewing court has before it all of the relevant evidence. Bulzomi v. Dep't of Labor & Indus., 72 Wn. App. 522, 525, 864 P.2d 996, 998 (1994). Moreover, had Appellant filed a motion to reconsider or to set aside the judgment, the issue of proper notice would have been subject to findings of fact

4

and conclusions of law in the trial court. As it stands, all we have before us is Appellant's bare claim, asserted in reply, to which Respondent has had no opportunity to respond.

Appellant also argues that we should exercise our discretionary review powers under RAP 1.2(a) and (c) because, in her opinion, the case presents an issue upon which appellate review would preserve judicial resources and give guidance to trial courts. We disagree that the case presents an extraordinary or novel issue and decline Appellant's invitation.

Because Appellant has not preserved her claims by asserting them in the trial court, we decline to review them.

### CR 11 Sanctions

On March 25, 2014, several months after filing her notice of appeal, Appellant filed a petition for an order extending judgment in the trial court. Respondent claims that the petition was filed without proper notice and that this act constituted malfeasance subject to sanction under CR 11(a)[1]. We disagree.

---

[1] Under CR 11(a), attorneys must date and sign all pleadings, motions and legal memoranda. Their signature constitutes attorneys' certification that:

> to the best of the ... attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) [the pleading, motion or memoranda] is well grounded in fact; (2) and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law . . .; (3) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Signature of a pleading, motion, or memorandum in violation of this rule is subject to sanction under the rule. CR 11(a)(4); Biggs v. Vail, 124 Wn.2d 193, 196, 876 P.2d 448 (1994).

King County LCR 7(b)(4)(a) provides that a party filing a motion must serve an opposing party with the moving papers no later than six court days before the hearing date. However, the rule only applies in civil motions not specifically governed by another rule. In this case, Appellant's motion was filed pursuant to RCW 6.17.020(3).[2] Because that statute does not contain a notice requirement, Respondent was not entitled to notice of the petition. Moreover, even if Respondent had been entitled to notice, Appellant's failure to provide it, without evidence of a misstatement of fact or law, bad faith, or improper purpose, is not a basis for sanctions under CR 11.

## Attorney Fees and Costs on Appeal

Respondent also claims he is entitled to reasonable attorney fees and costs on appeal pursuant to RAP 18.9(a), which allows an award of fees to a

---

[2] RCW 6.17.020(3) provides:

> After June 9, 1994, a party in whose favor a judgment has been filed as a foreign judgment or rendered pursuant to subsection (1) or (4) of this section, or the assignee or the current holder thereof, may, within ninety days before the expiration of the original ten-year period, apply to the court that rendered the judgment or to the court where the judgment was filed as a foreign judgment for an order granting an additional ten years during which an execution, garnishment, or other legal process may be issued. If a district court judgment of this state is transcribed to a superior court of this state, the original district court judgment shall not be extended and any petition under this section to extend the judgment that has been transcribed to superior court shall be filed in the superior court within ninety days before the expiration of the ten-year period of the date the transcript of the district court judgment was filed in the superior court of this state. The petitioner shall pay to the court a filing fee equal to the filing fee for filing the first or initial paper in a civil action in the court, except in the case of district court judgments transcribed to superior court, where the filing fee shall be the fee for filing the first or initial paper in a civil action in the superior court where the judgment was transcribed. The order granting the application shall contain an updated judgment summary as provided in RCW 4.64.030. The filing fee required under this subsection shall be included in the judgment summary and shall be a recoverable cost. The application shall be granted as a matter of right, subject to review only for timeliness, factual issues of full or partial satisfaction, or errors in calculating the judgment summary amounts.

party defending a frivolous appeal. In response, Appellant contends, essentially, that her appeal presented an issue of first impression and should not be deemed frivolous. See, Granville Condominium Homeowners Ass'n v. Kuehner, 177 Wn. App. 543, 558, 312 P.3d 702 (2013)). But, as previously indicated, we find no novel legal issue here. Because Appellant's claims were not preserved for appellate review and did not merit discretionary review, we find her appeal to be frivolous. Respondent is awarded reasonable attorney fees and costs on appeal, pending compliance with RAP 18.1(d). Given this result, we decline to consider Respondent's argument that he is entitled to reasonable attorney fees and costs on appeal pursuant to RAP 18.1(a) and RCW 26.09.140.

Affirmed.

_Spearman, C.J._

WE CONCUR:

_Trickey, J._ _Jau, J._