
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MARSHA K. MCFADDEN as Personal Representative of the Estate of DAVID R. MCFADDEN, deceased; on behalf of the Estate of DAVID R. MCFADDEN, and on behalf of MARSHA K. MCFADDEN, surviving spouse, and on behalf of KATHRYN GREEN, CHRISTINA CARLSON and JACLYN FLEMING, surviving adult children, | No. 72708-7-I |
| | DIVISION ONE |
| Appellant, | |
| | UNPUBLISHED OPINION |
| v. | FILED: November 9, 2015 |
| SOUTH SOUND INPATIENT PHYSICIANS, PLLC; and MONICA MARTON-POPOVICI, M.D., | |
| Respondents. | |

BECKER, J. — Marsha McFadden appeals a summary judgment order dismissing, on statute of limitations grounds, her medical malpractice and wrongful death claims against South Sound Inpatient Physicians PPLC and Monica Marton-Popovici, MD. She contends that summary judgment was improper because there is a genuine issue of material fact as to when she discovered, or reasonably should have discovered, her cause of action. We affirm.

FACTS

Shortly after 2:30 a.m. on March 3, 2009, David McFadden arrived at Valley Medical Center (Valley) seeking emergency health care. Dr. Anne Lapine examined him, directed certain tests and treatment, and determined that he should be admitted to the hospital. Dr. Lapine discussed the case with Dr. Monica Marton-Popovici, who wrote orders admitting David to the hospital at 8:30 a.m. Around 1:00 p.m., David was transferred to the intensive care unit, where Dr. Marton-Popovici, as well as other doctors, provided care. David McFadden died in the hospital on March 5, 2009.

In September 2011, Marsha McFadden, as personal representative of David's estate, filed a claim for damages pursuant to RCW 4.96.020 against Valley on behalf of the estate, herself as David's surviving spouse, and David's three surviving adult children (hereinafter "McFadden"). The claim alleges that David "suffered and died needlessly" from bacterial meningitis "as a direct and proximate result" of the failure "to provide timely and appropriate antibiotics, diagnostic studies and steroids." The claim lists Dr. Lapine and Dr. Marton-Popovici as "persons involved in or witness to" the relevant incidents, and "employees, agents and/or ostensible agents" of Valley.

On February 14, 2012, McFadden filed a complaint for damages, alleging medical negligence and wrongful death, against Valley, Dr. Lapine, and Dr. Lapine's employer, Associated Emergency Physicians Inc. The complaint states repeatedly that Valley provided services "through its partners, employees, agents, and/or ostensible agents, including Associated Emergency Physicians, Inc. P.S.,

2

Anne L. Lapine, M.D., and Monica Marton, MD." The complaint alleges that David McFadden's death was "a direct and proximate result of [Valley], [Associated Emergency Physicians], Anne L. Lapine, M.D., Monica Marton, MD, and their partners, employees, agents and/or ostensible agents' failure to provide reasonably prudent care."

In March 2013, McFadden's expert, Dr. Stephan Mayer, provided a declaration detailing his opinion as to specific negligent acts and omissions by Dr. Lapine, Dr. Marton-Popovici, the resident Dr. Rachel Olson, and Valley nurses that "more likely than not caused" David McFadden's irreversible brain injury and death. In April and May, Valley filed certain motions, arguing in part that Dr. Mayer's declaration raised new allegations. In opposition, McFadden's counsel repeatedly argued that the tort claim and the original complaint alleged that Dr. Marton-Popovici was negligent. In July 2013, the trial court entered a stipulation and order of dismissal of all McFadden's claims against Valley, Associated Emergency Physicians, and Dr. Lapine.

On September 17, 2013, McFadden filed a complaint against South Sound and Dr. Marton-Popovici based on the same incidents as the previous suit. South Sound and Dr. Marton-Popovici filed a motion for summary judgment based on the three-year statute of limitations. Referring to the record in the suit against Valley, they argued that McFadden knew, and admitted to knowing, of a cause of action against Dr. Marton-Popovici no later than September 2011, when she filed the tort claim listing Dr. Marton-Popovici as an agent of Valley. South Sound and Dr. Marton-Popovici cited the February 2012 complaint, as well as

3

McFadden's attorney's statements in May 2013, arguing that McFadden had asserted that Dr. Marton-Popovici was negligent "in both the Tort Claim filed on 9/9/11 and the Complaint filed on 2/14/12."

In response, McFadden argued that the application of the discovery rule must be submitted to a jury because a question of fact existed as to when she could have reasonably discovered the facts supporting a medical negligence claim against Dr. Marton-Popovici. She identified the following facts: (1) no expert "actually opined that Dr. Marton-Popovici was negligent" until Dr. Mayer's March 11, 2013 declaration; and (2) for the first time in her April 15, 2013 deposition, Dr. Marton-Popovici denied the existence of a physician patient relationship with David McFadden until he arrived in the intensive care unit and described "the other facts surrounding her negligent care." McFadden also argued that Valley's arguments in the first suit demonstrated a disputed question of fact as to whether McFadden discovered the elements of her claim against Dr. Marton-Popovici for the first time in early 2013.

The trial court granted South Sound and Dr. Marton-Popovici's motion for summary judgment based on the statute of limitations.

McFadden appeals.

ANALYSIS

<u>Summary Judgment</u>

We review an order of summary judgment de novo, engaging in the same inquiry as the trial court. <u>Folsom v. Burger King</u>, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is proper if, viewing the facts and reasonable

4

inferences most favorably to the nonmoving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c); Young v. Key Pharm., Inc., 112 Wn.2d 216, 225-26, 770 P.2d 182 (1989).

RCW 4.16.350[1] "provides that a lawsuit alleging medical malpractice must be filed within three years of the 'act or omission' giving rise to the claim or one year after the patient 'discovered or reasonably should have discovered' that the injury was caused by the act or omission in question." Schroeder v. Weighall, 179 Wn.2d 566, 570, 316 P.3d 482 (2014), quoting RCW 4.16.350. The one-

---

[1] RCW 4.16.350 provides in pertinent part:
Any civil action for damages for injury occurring as a result of health care which is provided after June 25, 1976, against:
    (1) A person licensed by this state to provide health care or related services, including, but not limited to, a physician, . . . ;
    (2) An employee or agent of a person described in subsection (1) of this section, acting in the course and scope of his or her employment . . . ; or
    (3) An entity, whether or not incorporated, facility, or institution employing one or more persons described in subsection (1) of this section, including, but not limited to, a hospital, clinic, health maintenance organization, or nursing home; or an officer, director, employee, or agent thereof acting in the course and scope of his or her employment . . . ; based upon alleged professional negligence shall be commenced within three years of the act or omission alleged to have caused the injury or condition, or one year of the time the patient or his or her representative discovered or reasonably should have discovered that the injury or condition was caused by said act or omission, whichever period expires later, except that in no event shall an action be commenced more than eight years after said act or omission: PROVIDED, That the time for commencement of an action is tolled upon proof of fraud, intentional concealment, or the presence of a foreign body not intended to have a therapeutic or diagnostic purpose or effect, until the date the patient or the patient's representative has actual knowledge of the act of fraud or concealment, or of the presence of the foreign body; the patient or the patient's representative has one year from the date of the actual knowledge in which to commence a civil action for damages.

year "post-discovery period" begins to run "when the plaintiff 'discovered or reasonably should have discovered all of the essential elements of [his or] her possible cause of action, *i.e.*, duty, breach, causation, damages.'" Zaleck v. Everett Clinic, 60 Wn. App. 107, 110-11, 802 P.2d 826 (1991), quoting Ohler v. Tacoma Gen. Hosp., 92 Wn.2d 507, 511, 598 P.2d 1358 (1979). "To discover a 'breach' in a medical malpractice action, the plaintiff need not have known with certainty that the health care provider was negligent. Instead, the plaintiff need only have had, or should have had, information that the provider was possibly negligent." Zaleck, 60 Wn. App. at 112. "The key consideration under the discovery rule is the factual, as opposed to the legal, basis of the cause of action." Adcox v. Children's Orthopedic Hosp. & Med. Ctr., 123 Wn.2d 15, 35, 864 P.2d 921 (1993).

The question of when a plaintiff, through the exercise of due diligence, reasonably should have discovered that an injury was caused by medical malpractice is typically a question of fact for the jury. Winbun v. Moore, 143 Wn.2d 206, 18 P.3d 576 (2001). But a question of fact can be determined on summary judgment when reasonable minds can reach only one conclusion from the admissible evidence. Smith v. Safeco Ins. Co., 150 Wn.2d 478, 485, 78 P.3d 1274 (2003).

McFadden did not file suit against South Sound and Dr. Marton-Popovici within the three-year statute of limitations. She contends there is a genuine issue of material fact as to whether her lawsuit was timely filed within one year of her discovery of "the salient facts" supporting each element of her medical

malpractice claim. In particular, McFadden claims that it was not until Dr. Mayer's March 2013 declaration and/or Dr. Marton-Popovici's April 2013 deposition that she knew or could have known that (1) a medical expert would opine that Dr. Marton-Popovici was negligent, (2) Dr. Marton-Popovici would deny having a physician-patient relationship with David McFadden until he arrived in the intensive care unit, and (3) South Sound was Dr. Marton-Popovici's employer.

McFadden first contends that her cause of action did not accrue "until a medical expert specifically opined about each element" of her claim. This is not the law, and the cases upon which she relies do not support her proposition. Cf. Olson v. Siverling, 52 Wn. App. 221, 229, 758 P.2d 991 (1988) (evidence of attorney's inquiry into possible cause of action was not sufficient in itself to establish as a matter of law that plaintiff discovered all essential elements of possible cause of action), review denied, 111 Wn.2d 1033 (1989); Winbun, 143 Wn.2d at 213, 217 (because reasonable minds could differ as to whether missing medical records obscured plaintiff's ability to determine nature and extent of doctor's care, trial court properly submitted factual dispute as to application of discovery rule to jury); Lo v. Honda Motor Co., 73 Wn. App. 448, 464, 456, 869 P.2d 1114 (1994) (whether plaintiff made sufficient inquiries into possibility of medical malpractice was question for trier of fact where "another facially logical explanation" for injury existed and multiple doctors implied on numerous occasions that "condition could not have been prevented").

7

Expert testimony is generally required to prove proximate cause in medical malpractice cases. See, e.g., Reese v. Stroh, 128 Wn.2d 300, 308, 907 P.2d 282 (1995). But McFadden cites no authority for the proposition that a plaintiff's mere failure to obtain an expert opinion before expiration of the three-year statute of limitations prevents the cause of action from accruing. The one-year postdiscovery period "can be invoked only when the plaintiff has exercised due diligence; it will not be invoked when the plaintiff has had ready access to information that a wrong has occurred." Zaleck, 60 Wn. App. at 113 (where plaintiff knew facts comprising causation and damage elements, his failure to simply inquire of lawyer or physician for over four years conclusively demonstrates lack of due diligence). Zaleck's holding controls here.

In her February 2012 complaint against Valley and Dr. Lapine, McFadden quoted medical records describing Dr. Marton-Popovici's role in David McFadden's care. Dr. Mayer relied on the same medical records to form his opinion as to Dr. Marton-Popovici's negligence in his March 2013 declaration. McFadden does not identify any evidence in the record suggesting that she was unable or in some way hindered or prevented from obtaining an expert opinion as to Dr. Marton-Popovici's care until March 2013.

Similarly, McFadden fails to demonstrate a genuine issue for trial as to whether she knew or reasonably should have known of a possible claim of medical malpractice against Dr. Marton-Popovici before her April 2013 deposition. McFadden claims that she did not discover the facts supporting the breach of duty and damages elements of a medical malpractice claim until Dr. Marton-

Popovici's deposition testimony "made clear that she did not consider herself Mr. McFadden's physician from 8:30 a.m. until 1:30 p.m. when he arrived in the [intensive care unit]" and that South Sound was her employer. But McFadden fails to explain how information regarding Dr. Marton-Popovici's potential defense or the true identity of her employer is necessary to obtaining factual information indicating Dr. Marton-Popovici "was possibly negligent." Zaleck, 60 Wn. App. at 112.

The key inquiry is whether McFadden filed suit within one year of discovering the factual basis for a possible medical malpractice claim against Dr. Marton-Popovici. McFadden does not identify any "salient fact" as to a particular act or omission by Dr. Marton-Popovici that may have possibly caused injury to David McFadden that she had not already discovered by February 2012 when she filed the initial lawsuit against Valley. The trial court properly granted summary judgment.

Attorney Fees

South Sound and Dr. Marton-Popovici request an award of attorney fees under RAP 18.9(a) as a sanction for a frivolous appeal. "An appeal is frivolous if no debatable issues are presented upon which reasonable minds might differ, and it is so devoid of merit that no reasonable possibility of reversal exists." Chapman v. Perera, 41 Wn. App. 444, 455-56, 704 P.2d 1224, review denied, 104 Wn.2d 1020 (1985). We resolve any doubts as to whether an appeal is frivolous in the appellant's favor. Granville Condo. Homeowners Ass'n v.

9

Kuehner, 177 Wn. App. 543, 558, 312 P.3d 702 (2013). Applying this standard, we deny South Sound's and Dr. Marton-Popovici's request.

Affirmed.

WE CONCUR:

Becker, J.

Spearman, C.J.