# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| DEBORAH DUNN, an individual,<br><br>                         Appellant,<br><br>    v.<br><br>BREMERTON PILOTS ASSOCIATION<br>(BPA), a Washington Non-profit Corporation,<br><br>                       Respondent. | No. 51676-4-II<br><br>UNPUBLISHED OPINION |

MAXA, C.J. – Deborah Dunn appeals the trial court's summary judgment dismissal of her conversion and unjust enrichment claims against Bremerton Pilots Association (BPA), a charitable organization that provides aviation-related scholarships. Dunn was the personal representative of Yukiko Howell's estate, and BPA was a beneficiary under Howell's will.

In October 2013, Dunn mistakenly made distributions to BPA and other beneficiary charitable organizations in amounts greater than provided in the will. In December 2013, the probate court entered an order stating that Dunn personally would be required to pay the excess distribution amounts if she could not recover those amounts from the charities. BPA was not notified of the distribution issue at that time. In March 2015, the successor administrator of the

estate sent BPA a letter requesting the return of the overpaid amounts. BPA responded that the funds already had been distributed to scholarship recipients.

In August 2015, the probate court entered judgment against Dunn for the amount of the overpayments. Dunn paid the judgment to the estate and received an assignment from the estate of all potential claims against the charities.

In November 2017, Dunn – as assignee of the estate – filed a lawsuit against BPA for the amount of the overpayment, asserting claims for conversion and unjust enrichment. The trial court granted summary judgment in favor of BPA based on a ruling that Dunn's lawsuit had not been filed before the expiration of the three-year statute of limitations for those claims.

We hold that the estate's claim against BPA accrued in December 2013, and therefore that the statutes of limitations bar Dunn's claims for conversion and unjust enrichment. Accordingly, we affirm the trial court's summary judgment order dismissing Dunn's conversion and unjust enrichment claims.

FACTS

Howell died in February 2013 and her last will and testament was admitted to probate. The will contained a bequest to five charities, including BPA. The bequest stated, "I give, devise, and bequeath to the five following organizations an amount equal to 10 percent (10%) of the value of my estate at the time of my death." Clerk's Papers (CP) at 45. The will bequeathed 25 percent of the estate and all remaining property to Howell's grandchildren.

In September, Dunn was appointed to serve as personal representative of Howell's estate. Dunn determined that the estate assets totaled $151,000. In October, she distributed $15,000 to

each of the five charitable organizations, including BPA. The attorney for Howell's children and grandchildren immediately notified Dunn that the distributions to the charities were incorrect.

In December, Howell's children and grandchildren petitioned the probate court for an order to show cause why Dunn should not be removed as personal representative. They argued that Dunn mistakenly had interpreted the will and had overpaid the five charities, pointing out that the will provided for a *combined total* of 10 percent of the estate to be paid to the charities, not 10 percent *each*. During oral argument, the probate court addressed Dunn's payment of 10 percent of the estate to each of the charities. The court stated, "And if [Dunn] has distributed 10% to each of the charitable organizations as opposed to 10% for all of them, she's going to end up paying it herself if she can't or we can't get the money back from them." CP at 74.

The court entered an order removing Dunn as personal representative of the estate and appointing Karen Darrin as the successor personal representative. The order also stated, "If Ms. Darrin is unable to recover the excess $50,000.00 Ms. Dunn paid to the charities, Ms. Dunn will personally pay that sum to the estate." CP at 85. However, Howell's estate did not notify BPA that there was a problem with the amount of the distribution.

BPA is nonprofit organization with a goal of promoting safe, fun, general aviation flying. BPA's primary expenditure each year is funding scholarships for young men and women who want to obtain private pilot licenses. Between late 2013 and late 2014, BPA used the money it received from Howell's estate to fund five youth aviation scholarships. By the end of 2014, all the funds BPA received from the estate had been disbursed.

In March 2015, the successor administrator of Howell's estate notified BPA that Dunn had misinterpreted the will and requested that BPA return the overpayment of $12,018.03 to the

3

estate. This letter was BPA's first notice that there was an issue with the distribution to BPA. BPA responded that the $15,000 distribution already had been used to fund scholarships and that there was no money left to return.

In August, the probate court entered judgment against Dunn for the amount of the overpayments to all five of the charities and ordered her to pay that amount to the estate. The court entered a finding of fact that the five charities each were entitled to a combined total of 10 percent of the estate – 2 percent for each charity – and that Dunn had overpaid them by $12,018.03 each. Dunn paid the judgment and the estate assigned its potential claims against the charities to her. In September, Dunn demanded payment from BPA in writing. BPA did not return the funds.

In November 2017, Dunn – as assignee of the estate – filed a complaint against BPA in which she sought a judgment in the amount of $12,018.03. She asserted two claims, conversion and unjust enrichment.

BPA filed a summary judgment motion. BPA argued that Dunn's claims were barred by the applicable statutes of limitations, that Dunn's conversion claim failed as a matter of law, and that she was equitably estopped from recovering money from BPA. Dunn also filed a summary judgment motion, arguing that her claims for conversion and unjust enrichment were properly stated and not time barred.

The trial court granted BPA's summary judgment motion based on the statutes of limitations, denied Dunn's motion, and dismissed Dunn's claims. Dunn appeals the trial court's summary judgment order.

ANALYSIS

A.      SUMMARY JUDGMENT STANDARD

We review a trial court's ruling on summary judgment de novo. *Schibel v. Eymann*, 189 Wn.2d 93, 98, 399 P.3d 1129 (2017). "Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id*.; *see also* CR 56(c). When evaluating the evidence on summary judgment, we must view all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *Piris v. Kitching*, 185 Wn.2d 856, 861, 375 P.3d 627 (2016). A factual issue may be resolved as a matter of law on summary judgment if reasonable minds could reach only one conclusion. *Halme v. Walsh*, 192 Wn. App. 893, 901, 370 P.3d 42 (2016).

B.      STATUTE OF LIMITATIONS

Dunn argues that the trial court erred in ruling that the three-year statutes of limitations barred her conversion and unjust enrichment claims. She contends that the claims did not accrue at the earliest until the estate's demand in March 2015 that BPA return the excess distribution, which was less than three years before she filed suit. BPA argues that the statutes of limitations bar Dunn's claims because those claims accrued in December 2013, when the probate court first informed the estate that the distributions to the charities were incorrect. We agree with BPA.

1.      Limitation Periods

RCW 4.16.080(2) provides that "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another" shall be commenced within three years. This three-year statute of

limitations applies to conversion claims. *Hudson v. Condon*, 101 Wn. App. 866, 872, 6 P.3d 615 (2000).

RCW 4.16.080(3) provides that "an action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument" shall be commenced within three years. This three-year statute of limitations applies to unjust enrichment claims. *Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 737, 197 P.3d 686 (2008).

The statutory limitations period begins to run when the plaintiff's claim accrues. RCW 4.16.005. In general, a claim accrues and the statute of limitations begins to run " 'when the party has the right to apply to a court for relief.' " *Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.*, 197 Wn. App. 875, 892, 391 P.3d 582 (2017) (quoting *1000 Va. Ltd. P'ship v. Vertecs Corp.*, 158 Wn.2d 566, 575, 146 P.3d 423 (2006)). A plaintiff acquires the right to apply for relief when he or she can establish each element of the action. *Deegan*, 197 Wn. App. at 892.

2. Dunn's Status as Assignee

Dunn sued BPA as the estate's assignee, not in her personal capacity. As assignee of the estate's claims, Dunn stepped into the shoes of the estate. *See Selene RMOF II REO Acquisitions II, LLC v. Ward*, 189 Wn.2d 72, 80-81, 399 P.3d 1118 (2017). Therefore, the issue here is when the *estate's* claims accrued.

3. Conversion Claim

a. Legal Principles

Conversion occurs when a person, without lawful justification, willfully interferes with chattel belonging to another person. *Davenport*, 147 Wn. App. at 721. There are two types of conversion: unlawfully taking or receiving chattel and unlawfully retaining chattel. *Alhadeff v.*

*Meridian on Bainbridge Island, LLC*, 167 Wn.2d 601, 619, 220 P.3d 1214 (2009).  Both types result in a deprivation of the rightful owner's possession of the chattel.  *Id.*

With regard to retention of chattel, a person can be liable for conversion for refusing the plaintiff's demand to surrender possession of a chattel when the plaintiff is entitled to immediate possession.  *Judkins v. Sadler-MacNeil*, 61 Wn.2d 1, 4-5, 376 P.2d 837 (1962); RESTATEMENT (SECOND) OF TORTS § 237 (AM. LAW. INST. 1965).  This rule applies even if the defendant initially received the chattel in a lawful manner.  RESTATEMENT § 237 cmt. e.

" 'Money may become the subject of conversion . . . if the party charged with conversion wrongfully received the money, or if that party had an obligation to return the money to the party claiming it.' "  *Brown v. Brown*, 157 Wn. App. 803, 817-18, 239 P.3d 602 (2010) (quoting C*onsulting Overseas Mgmt., Ltd. v. Shtikel*, 105 Wn. App. 80, 83, 18 P.3d 1144 (2001)).  A party wrongfully receives money when the receipt is without "lawful justification."  *See Davenport*, 147 Wn. App. at 722.

Wrongful intent is not an element of conversion, and good faith is immaterial.  *Brown,* 157 Wn. App. at 818.  "If the actor has the intent to do the act exercising dominion or control . . . he is not relieved from liability by his mistaken belief that he has possession of the chattel or the right to possession, or that he is privileged to act."  RESTATEMENT (SECOND) OF TORTS § 223 cmt. b.

If the taking of chattel is wrongful, no demand for return of the chattel is necessary to maintain a conversion claim.  *City Loan Co. v. State Credit Ass'n*, 5 Wn. App. 560, 563, 490 P.2d 118 (1971).

b.    Analysis

Here, in December 2013 the probate court made it clear that Dunn's distribution of 10 percent of the estate to *each* charity was improper.  The court expressly ordered that if the successor personal representative could not recover the excess distributions, Dunn personally would be responsible for paying the excess amounts.  This language essentially directed the estate to attempt to recover the excess distributions.  Based on the court's order, the estate knew that mistaken payments had been made and that it was entitled to recover the excess paid from BPA and the other charities.  Therefore, the estate had the right to apply to the court for relief in December 2013 if BPA refused to return the excess amounts.

Dunn argues that the estate's claim did not accrue at least until March 2015, when it first requested that BPA return the excess distribution.  She claims that the initial distribution to BPA was lawful, and therefore BPA was under no obligation to return the excess funds until demand was made for their return.

Although Washington courts have not expressly addressed this situation, the consensus in other jurisdictions is that accrual generally depends upon the type of the conversion.  Cases in other jurisdictions hold that (1) when the original taking or receipt of chattel or money is wrongful, the conversion claim accrues at the time of taking or receipt; and (2) when the original taking or receipt was wrongful, the claim does not accrue until the plaintiff makes a demand for return of the chattel or money and the defendant refuses.  *E.g.*, *Covington County Bank v. Magee*, 177 So. 3d 826, 828-29 (Miss. 2015); *In re Estate of Rausman*, 50 A.D.3d 909, 910, 855 N.Y.S.2d 263 (2008); *White v. Consol. Planning, Inc.,* 166 N.C. App. 283, 310-11, 603 S.E.2d 147 (2004); *Bono v. Clark*, 103 Cal. App. 4th 1409, 1432-34, 128 Cal. Rptr. 2d 31 (2002).

However, here Dunn's excess distribution to BPA was wrongful in that BPA was not entitled to receive the excess funds. The probate court indicated as much in December 2013 and the court's judgment against Dunn in August 2015 confirmed that fact. BPA certainly received the distribution in good faith, but as noted above, good faith is immaterial to a conversion claim. *Brown,* 157 Wn. App. at 818.

Further, there is no question that the estate had the *right* in December 2013 to demand that BPA return the excess distribution. The court in *Jones v. Jacobson* held that a conversion claim accrues when the owner of allegedly converted property has the right to possession of that property or to bring a cause of action if the right to possession is denied. 45 Wn.2d 265, 269, 273 P.2d 979 (1954). That was the situation here – the estate had the right to possession of the excess distribution made to BPA and could file suit immediately if BPA denied that right.

The estate's conversion claim accrued in December 2013. And as noted above, Dunn stands in the shoes of the estate. Accordingly, we hold that the trial court did not err in granting summary judgment in favor of BPA on Dunn's conversion claim.

4. Unjust Enrichment Claim

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 164 Wn.2d 477, 484, 191 P.3d 1258 (2008). This theory of liability is based on equity, not the wrongdoing of the benefitted party. *Bircumshaw v. Wash. State Health Care Auth*., 194 Wn. App. 176, 205, 380 P.3d 524 (2016). An unjust enrichment claim has three elements: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the

9

circumstances make it unjust for the defendant to retain the benefit with no payment." *Young*, 164 Wn.2d at 484-85.

Here, in December 2013 the probate court indicated that Dunn had made excess distributions to BPA and the other charities. At that time, the estate knew that all the elements of unjust enrichment were present. BPA had received a benefit at the estate's expense, and it was unjust for BPA to retain the benefit. Therefore, the unjust enrichment cause of action accrued in December 2013.

Accordingly, we hold that the trial court did not err in granting summary judgment in favor of BPA on Dunn's unjust enrichment claim.[1]

C.      ATTORNEY FEES ON APPEAL

BPA argues that we award it reasonable attorney fees on appeal because Dunn's appeal was frivolous. We disagree.

RAP 18.9(a) allows this court to award attorney fees to an opposing party when a party brings a frivolous appeal. *Granville Condo. Homeowners Ass'n v. Kuehner*, 177 Wn. App. 543, 557, 312 P.3d 702 (2013). " '[A]n appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal.' " *Id.* at 557-58 (quoting *Streater v. White*, 26 Wn. App. 430, 435, 613 P.2d 187 (1980)). We "resolve all doubts to whether an appeal is frivolous in favor of the appellant." *Granville Condo.*, 177 Wn. App. at 558.

---

[1] Because we resolve the case on statute of limitations grounds, we do not address BPA's argument that Dunn's claims were precluded by equitable estoppel based on the estate's delay in notifying BPA that the distribution was erroneous.

No. 51676-4-II

Here, although we affirm the trial court's summary judgment order, Dunn's arguments are not frivolous. We decline to award attorney fees to BPA under RAP 18.9.

CONCLUSION

We affirm the trial court's dismissal of Dunn's conversion and unjust enrichment claims.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
MELNICK, J.

_____
GLASGOW, J.

11