■ In the Matter of the Estate of VIVIEN KING, Deceased. NANCY KING, Appellant; JOSEPH GAIER, Respondent, et al., Respondent. [759 NYS2d 895] —In a discovery proceeding pursuant to SCPA article 21, the petitioner appeals from an order of the Surrogate's Court, Westchester County (Scarpino, S.), dated October 15, 2001, which granted Joseph Gaier's motion to dismiss the proceeding as time-barred.

Ordered that the order is affirmed, with costs payable by the estate.

The petitioner commenced a discovery proceeding pursuant to SCPA article 21. "[C]ourts have likened such a proceeding to an action for conversion or replevin and applied a three-year Statute of Limitations" (*Matter of Witbeck,* 245 AD2d 848, 849 [1997]; *see Matter of Neshewat,* 237 AD2d 524, 525 [1997]). The three-year statute of limitations period (*see* CPLR 214 [3]) normally runs from the date the conversion allegedly took place. Where possession is originally lawful, a conversion does not occur until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it (*see D'Amico v First Union Natl. Bank,* 285 AD2d 166, 172 [2001]; *Berman v Goldsmith,* 141 AD2d 487 [1988]).

Here, the initial transfer of estate property to Joseph Gaier was unauthorized and unlawful. Thus, the petitioner's cause of action accrued at the time of the transfer, which was between 1984 and 1986. Since the petitioner did not commence this proceeding until 1995, her claim to recover possession of the property is time-barred. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.