In the Matter of the Estate of EMIL RAUSMAN, Deceased. CHANA KOHAV, Respondent; CINDY RAUSMAN HASSAN et al., Appellants. [855 NYS2d 263]—

In a proceeding pursuant to SCPA 2205 to compel an estate accounting, Cindy Rausman Hassan, Herbert Rausman, and Susan Rausman Abikher appeal (1) from an order of the Surrogate's Court, Rockland County (Berliner, S.), dated January 16, 2007, which granted the petition and directed them to file an account and a petition for its judicial settlement, and (2), as limited by their brief, from so much of an order of the same court dated June 12, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 16, 2007 is dismissed, as that order was superseded by the order dated June 12, 2007, made upon reargument; and it is further,

Ordered that the order dated June 12, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

The petitioner is the closest living relative of Anna Weiser, a resident of Germany who died in April 1998. Approximately one week after Weiser died, Emil Rausman, a relative of Weiser's predeceased husband, withdrew more than 1.2 million Swiss Francs from Weiser's account at the Swiss Bank Corporation in Zurich pursuant to a power of attorney she had given to Rausman and Rausman's brother in 1996. According to its terms, the power of attorney remained in force after Weiser's death. Rausman and his brother then commenced a proceeding in Germany to obtain an "inheritance decree" stating that they were the beneficiaries of a will that Weiser allegedly had drawn but which was never found. In October 1999 the Frankfurt Municipal Court dismissed the Rausmans' petition and announced that it "wished to confer" an inheritance decree stating that the petitioner was Weiser's sole heir. The Rausmans' appeal from that decision was dismissed by the Frankfurt Regional Court in January 2002 and their appeal from the Regional Court decision to the Frankfurt Higher Regional Court was dismissed in March 2004. In June 2004 the Frankfurt Magistrate Court issued an inheritance decree to the petitioner stating that she is Weiser's sole heir.

Emil Rausman died in December 2000 and letters testamentary were granted to his three children (hereinafter the appellants) in March 2001. The petitioner submitted a verified claim dated February 9, 2005 to the estate for the amount that Emil Rausman had withdrawn from Weiser's account at the Swiss Bank Corporation after Weiser's death, plus interest. In or about April 2006 the petitioner commenced this proceeding pursuant to SCPA 2205 to compel an estate accounting, alleging that she is a creditor of the estate and that the debt "results from decedent Emil Rausman's unauthorized liquidation of a Swiss Bank account which petitioner was legally entitled to and converting the funds for his own use."

The appellants contend that the petitioner's claim against the estate for conversion is time-barred and that the petitioner is thus not a creditor of the estate and has no standing to bring this proceeding (*see Matter of Thoms,* 76 Misc 2d 132 [1973]). CPLR 214 (3) provides a three-year statute of limitations for actions for conversion, which "normally runs from the date the conversion allegedly took place. Where possession is originally lawful, a conversion does not occur until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it" (*Matter of King,* 305 AD2d 683 [2003]; *see State of New York v Seventh Regiment Fund,* 98 NY2d 249, 259-260 [2002]; *MacDonnell v Buffalo Loan, Trust & Safe Deposit Co.,* 193 NY 92, 101 [1908]). Here, there is no indication that Emil Rausman's original withdrawal of the funds from Weiser's Swiss bank account pursuant to the power of attorney was unlawful, and the record contains no evidence that a demand or a refusal to return the money from the account was ever made before February 2005. Thus, the appellants failed to establish that the claim for conversion accrued before February 2005 and that the petitioner's claim is time-barred. Skelos, J.P., Angiolillo, Leventhal and Belen, JJ., concur.