*743 OPINION OF THE COURT
Robert J. Gigante, J.
This is a proceeding for the judicial settlement of the account of the estate of Edna Hayes, deceased. The petition also seeks an adjudication that two certain accounts in decedent’s name in Swiss Volksbank of Zurich, Switzerland are assets of the estate, and a direction to David Hayes (hereinafter, the respondent) to return said asset (i.e., the proceeds in the accounts) to the estate and/or to account for same.
Decedent died a resident of Richmond County on May 30, 1991. Her will dated April 17, 1991 was admitted to probate in this court by decree dated January 9, 2001.
The proposed accounting filed by the executors of the estate, James R. Coyle and Costa Tesnakis, offsets the amount taken from the Swiss accounts by respondent against other distributions to which he is entitled as a beneficiary under the last will and testament of decedent. Respondent David Hayes was also a beneficiary under an inter vivos trust established by decedent.* Respondent duly filed his objections to that method of accounting, and followed that by moving for summary judgment in his favor, which is now before the court for resolution. He takes the position that the estate is barred from seeking recoupment or recovery of the amounts in the Swiss accounts by reason of the statute of limitations. The estate opposes, reiterating its position that the funds in the Swiss accounts belonged to the decedent.
Movant David Hayes is the stepson of decedent. He asserts that in September of 1986, decedent opened an account in Schweizerische Volksbank (Swiss Volksbank) with himself and two others as authorized signatories, along with decedent. He executed a signature card on or about September 9, 1986. Based upon conversations with decedent, he believed it to be her wish that the funds remaining therein at her death be distributed to the survivors. The other named individuals and signatories on the account in question are Rosemarie Sinsheimer and Otto door, who are cousins of the decedent. He further asserts that he met with the executors on May 9, 1992 and June 27, 1992 and told them that he would not be transferring any of the funds he withdrew from the Swiss bank accounts into the estate, *744 inasmuch as it was his position that they were not an estate asset and passed outside of the estate as joint accounts. A series of letters was exchanged between one of the executors, Costa Tesnakis, and Dora Gewirtz, Esq., an attorney retained by respondent, setting forth their respective positions in this dispute. Finally, he states that no further communications were had since September 15, 1992 until service of the petition herein.
In opposition, one of the executors asserts that the objectant, David Hayes, improperly withdrew $150,000 from the Swiss accounts after decedent’s death, and distributed the funds to himself, and to the other named individuals on the accounts, Otto Gloor and Rosemarie Sinsheimer, who placed the funds into accounts unknown to the estate.
In addition to the creation and existence of the Swiss accounts, decedent apparently executed a power of attorney pursuant to Swiss law, giving David Hayes the authority to make withdrawals and to conduct other transactions relating to the accounts. By their terms, and under Swiss law (Swiss Code of Obligations art 35), powers of attorney survive the death of the principal, unlike the usual American rule (see 2A NY Jur 2d, Agency § 77).
The court is constrained to grant the motion on the ground that the statute of limitations has run on the executors’ right to pursue their claim that the accounts in question were not joint accounts, but rather, an asset of the estate, albeit for slightly different reasons than these asserted by movant.
Movant cites Matter of Riley in support of his position. In Matter of Riley (281 App Div 612 [1953], lv denied 306 NY 979 [1953]), an executor was compelled to pay a legacy of $10,000 per decedent’s will to the stated beneficiary. The executor attempted to set off the payment of that legacy by reason of certain notes executed by the legatee, and payable to the decedent. The notes totaled well in excess of the $10,000 bequest. Enforcement at law of the notes was clearly barred by the statute of limitations. The Appellate Division, Fourth Department (at 613), found the issue presented clear: “[D]oes an executor, unsupported by any provision of the will in regard thereto, have a right of equitable retainer or setoff which enables him to deduct from a legacy a debt to the decedent which is barred by the Statute of Limitations at the time of his death?” The appellate court answered this question in the affirmative.
For reasons to be set forth herein, the Riley case controls, notwithstanding factual distinctions to be drawn. In Riley, the *745 decedent’s right to recover on the above-mentioned notes, at the time of her death, was extinguished by the statute of limitations, the notes having been made more than six years prior to her death.
Here, no right of action ripened during decedent’s lifetime. A search of the record reveals that at no time did decedent accuse David Hayes of withholding any monies in the subject Swiss accounts from her. Assuming, but without deciding, that the accounts were established for convenience, and that no purpose of joint ownership in Mr. Hayes’ favor was ever intended by decedent, no cause of action for conversion ever accrued.
As applied to the circumstances at bar, conversion is the unauthorized exercise of dominion or control over specifically identified property which interferes with the owner’s rights (Hoffman v Unterberg, 9 AD3d 386 [2d Dept 2004]). Money may be the subject of conversion if it is specifically identifiable and there is an obligation to return it or treat it in a particular manner (id.). More importantly, where, as here, possession of the property is initially lawful, conversion occurs when there is a refusal to return the property after a demand (id. at 388, citing Matter of White v City of Mount Vernon, 221 AD2d 345, 346 [1995]). There is no evidence that decedent sought a return of any funds held in the Swiss accounts, or made a demand for same during her lifetime, which is a necessary element in an action founded upon conversion (see 23 NY Jur 2d, Conversion § 45). Under the facts presented, the right of decedent to make such a demand triggered the running of the limitations period, but it never occurred (CPLR 206 [a]). The conclusion to be reached, therefore, is that the statute of limitations did not expire on any claim she might have had against respondent, because it never accrued in the first place, at least not during her lifetime.
This is not to say, however, that there were no other events triggering the running of the statute of limitations. A search of the record shows that preliminary letters testamentary were granted to Costa Tesnakis and James R. Coyle on July 26, 1991. Afterward Mr. Tesnakis engaged in an exchange of correspondence, described hereinabove, and culminated in an unequivocal demand for payment on deposit in the subject accounts, by letter dated July 6, 1992. Refusal was made unequivocally by letter of Mr. Hayes’ attorney to Mr. Tesnakis dated September 19, 1992.
The above-described scenario raises an ancillary issue, which is easily resolved, in the view of the court. The executor was au *746 thorized, on behalf of the decedent, to make such a demand for payment and remittance, to satisfy the demand element of a conversion cause of action. Although there is a paucity of case law on this narrow point, the court is convinced that the right to do so was not strictly personal to the decedent during her lifetime; an executor may do so as a prerequisite to an action founded on conversion. The cases of Davison v Strickland (145 Ga App 420, 422, 243 SE2d 705, 708 [1978]) and Hillers v Local Fed. Sav. & Loan Assn. (204 Okla 615, 232 P2d 626 [1951]) generally support this proposition. This is also consistent with an executor’s authority to contest and compromise claims (EPTL 11-1.1 [b] [13]; see also 21A Carmody-Wait 2d § 129:3).
The statute of limitations expired three years after respondent’s refusal (Matter of King, 305 AD2d 683 [2d Dept 2003]), or on September 19, 1995. The petition for a judicial settlement of the executor’s accounting, in which a claim for conversion and a replevin of the disputed funds was first legally interposed on or about April 19, 2006, was time-barred. The time-bar precludes the executors from a right of setoff against respondent’s legacy by reason of such claim. (Cf. Matter of Riley, supra; cf. Kimball v Scribner, 174 App Div 845 [1916]; Matter of Plehn, 51 Misc 2d 230 [1966].) Nor do the petitioning executors get the benefit of an alternative legal theory of recovery based on constructive trust, for which a longer time-bar period applies.
Although not specifically so stated in any of the petition or answers thereto, it appears that the facts, as can be culled from all of the other papers and proceedings had herein, support a claim for the imposition of a constructive trust (see e.g. Matter of Sakow, 219 AD2d 479 [1995]). That is, if claimant can show respondent used a confidential relationship with his stepmother to deprive her of her property and engaged in self-dealing to enrich himself (id. at 482), a cause of action may exist. Further, the wherefore clause in the petition can be so construed so as to support a claim for imposition of a constructive trust. Under the liberal construction theory, a pleading must stand if factual allegations manifest any cause of action cognizable at law, and the pleader is afforded the benefit of any favorable inferences (Salvatore v Kumar, 45 AD3d 560 [2d Dept 2007]).
The statute of limitations for a cause of action seeking a constructive trust is six years, and accrues upon the wrongful withholding. (Matter of Sakow, supra, citing Augustine v Szwed, 77 AD2d 298 [1980].) In this case, the withholding took place upon respondent’s refusal to pay, after demand (Matter of King, *747 305 AD2d 683 [2d Dept 2003]). The statute thus expired on September 19, 1998, and again, the petition filed in April 2006 is untimely.
In view of the foregoing, the court need not reach other issues, including but not limited to whether the subject accounts held in a Swiss bank were convenience accounts belonging to the estate, or joint accounts belonging to respondent.
Motion granted.
Petitioners shall amend their accounting to reflect no setoff of respondent’s legacy against the amounts allegedly retained by him.

 The legacy which is the subject of the dispute has its origin in the decedent’s inter vivos trust document, which was a beneficiary under her will’s residuary clause.