In the Matter of CHUNG LI, Also Known as KWONG CHUNG LEE and Another, Deceased. CHUN KA LUK, as Administrator of the Estate of NANCY LEE LUK, Deceased, Appellant; DONALD EDWARD OSBORN et al., Respondents. [942 NYS2d 887]—

In a proceeding pursuant to SCPA 2103, inter alia, to discover property allegedly withheld from the estate of Chung Li, also known as Kwong Chung Lee, also known as Chung Lee, Chun Ka Luk, as Administrator of the Estate of Nancy Lee Luk, appeals from an order of the Surrogate's Court, Queens County (Kelly, J.), dated June 8, 2011, which denied Nancy Lee Luk's motion pursuant to CPLR 3211 (a) (5) to dismiss the petition as time-barred.

Ordered that the order is affirmed, with costs.

The petitioner, Donald Edward Osborn, as ancillary administrator of the Estate of Chung Li, also known as Kwong Chung Lee, also known as Chung Lee (hereinafter the decedent), commenced this proceeding pursuant to SCPA 2103 against the respondent Nancy Lee Luk, the decedent's daughter, for discovery and delivery of certain property allegedly belonging to the decedent's estate. Specifically, the petitioner alleged that Luk converted the decedent's stock interests in three family businesses.

On a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, the movant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (*see Island ADC, Inc. v Baldassano Architectural Group, P.C.*, 49 AD3d 815, 816 [2008]). With respect to a discovery proceeding pursuant to SCPA article 21, "[c]ourts have likened such a proceeding to an action for conversion or replevin and applied a three-year Statute of Limitations" (*Matter of King*, 305 AD2d 683, 683 [2003] [internal quotation marks omitted]; *see* CPLR 214 [3]). "[A]c-

crual runs from the date the conversion takes place and not from discovery or the exercise of diligence to discover" (*Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex.*, 87 NY2d 36, 44 [1995] [citation omitted]; *see Matter of Rausman*, 50 AD3d 909, 910 [2008]).

Here, Luk failed to meet her prima facie burden of demonstrating that the statute of limitations on the petitioner's conversion claim had run. The evidence submitted by Luk in support of her motion did not establish that the purported conversion of the decedent's ownership interest in the companies occurred more than three years prior to the commencement of this proceeding. Accordingly, the Surrogate's Court properly denied Luk's motion pursuant to CPLR 3211 (a) (5) to dismiss the petition as time-barred. Florio, J.P., Balkin, Lott and Miller, JJ., concur. **[Prior Case History: 32 Misc 3d 1225(A), 2011 NY Slip Op 51422(U).]**