■ JGK INDUSTRIES, LLC, Appellant, v HAYES NY BUSINESS, LLC, et al., Respondents, et al., Defendants. [45 NYS3d 479]—

In an action, inter alia, to recover damages for fraud and breach of a lease, the plaintiff appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Nassau County (K. Murphy, J.), entered September 11, 2014, as granted those branches of the motion of the defendants Hayes NY Business, LLC, Hayes NY Property, LLC, Madison Capital Management, LLC, Brett Ellen, ADI Financial, LLC, and Steve Treadwell which were pursuant to CPLR 3211 (a) to dismiss the cause of action alleging fraud insofar as asserted against them, and the cause of action alleging breach of a lease insofar as asserted against Hayes NY Property, LLC, and Madison Capital Management, LLC, and (2) from an order of the same court entered April 21, 2015, which denied its motion for leave to amend the complaint.

Ordered that the order entered September 11, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered April 21, 2015, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff commenced this action, inter alia, to recover damages for fraud and breach of a lease. The complaint alleged that the plaintiff's tenant, the defendant Hayes NY Business, LLC (hereinafter Hayes Business), breached the subject lease, that the plaintiff entered into the lease as a result of fraudulent representations of the defendants, and that the defendants other than Hayes Business should be held liable for Hayes Business's obligations under the lease pursuant to the theory of piercing the corporate veil. The defendants Hayes Business, Hayes NY Property, LLC (hereinafter Hayes Property), Madison Capital Management, LLC (hereinafter Madison), Brett Ellen, ADI Financial, LLC, and Steve Treadwell (hereinafter collectively the defendants) moved pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against them. In the order appealed from entered September 11, 2014, the Supreme Court, inter alia, granted those branches of the

motion which were to dismiss the fraud cause of action insofar as asserted against them, and the cause of action alleging breach of a lease insofar as asserted against Hayes Property and Madison. The plaintiff subsequently moved for leave to amend the complaint, and in the order appealed from entered April 21, 2015, that motion was denied.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the plaintiff's allegations as true and construe the allegations liberally, giving the plaintiff the benefit of every possible favorable inference (*see Dee v Rakower*, 112 AD3d 204, 208 [2013]; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]). The court's function is to determine whether the plaintiff's factual allegations fit within any cognizable theory, without regard to whether the allegations ultimately can be established (*see Union State Bank v Weiss*, 65 AD3d 584, 585 [2009]).

A cause of action to recover damages for fraud must allege: (1) a false representation of fact, (2) knowledge of the falsity, (3) intent to induce reliance, (4) justifiable reliance, and (5) damages (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]; *Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185, 1188-1189 [2012]). To plead a cause of action alleging fraud in the inducement or fraudulent concealment, the plaintiff must allege facts to support the claim that it justifiably relied on the alleged misrepresentation (*see ACA Fin. Guar. Corp. v Goldman, Sachs & Co.*, 25 NY3d 1043, 1044 [2015]).

Here, the complaint failed to sufficiently allege all of the elements of fraud. In particular, the complaint failed to allege sufficient facts to demonstrate that the plaintiff was justified in relying on the defendants' alleged misrepresentations (*see Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269, 278 [2011]).

With respect to the cause of action alleging breach of a lease, a plaintiff seeking to pierce the corporate veil must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140-141 [1993]). Factors to be considered in determining whether the owner has "abused the privilege of doing business in the corporate form" include whether there was a "failure to

adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use" (*Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016-1017 [2007]; *see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141 [2009]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 24 [2008]). Mere conclusory statements that a corporation is dominated or controlled by a shareholder are insufficient to sustain a cause of action against a shareholder in its individual capacity (*see Itamari v Giordan Dev. Corp.*, 298 AD2d 559, 560 [2002]; *see also AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d at 24; *Andejo Corp. v South St. Seaport Ltd. Partnership*, 40 AD3d 407, 407 [2007]).

Here, the complaint failed to set forth sufficient specific factual allegations that the defendants abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in the injury allegedly suffered by the plaintiff (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 140-141).

Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the cause of action alleging fraud insofar as asserted against them, and the cause of action alleging breach of a lease insofar as asserted against Hayes Property and Madison.

The Supreme Court also properly denied the plaintiff's motion pursuant to CPLR 3025 (b) for leave to amend the complaint, since the proposed amendment was patently devoid of merit (*see Maldonado v Newport Gardens, Inc.*, 91 AD3d 731 [2012]; *Lucido v Mancuso*, 49 AD3d 220, 222 [2008]). Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.