Matter of Asch (2018 NY Slip Op 05842)





Matter of Asch


2018 NY Slip Op 05842


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2016-01968
2016-09057

[*1]In the Matter of Frances Asch, deceased. Laura E. Solomon, etc., respondent; Audrey L. Silverstein, appellant. (File No. 2013-217/A)


Nicholas T. Montalto (Kudman Trachten Aloe LLP, New York, NY [Paul H. Aloe and David N. Saponara], of counsel), for appellant.
Hall & Hall, LLP, Staten Island, NY (Lainie R. Fastman of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which Laura E. Solomon, as co-executor of the decedent's estate, petitioned pursuant to SCPA 2103 to discover certain funds allegedly withheld from the estate of Frances Asch, Audrey L. Silverstein appeals from (1) an order of the Surrogate's Court, Richmond County (Robert J. Gigante, S.), dated January 12, 2016, and (2) an order of the same court dated July 27, 2016. The order dated January 12, 2016, denied Audrey L. Silverstein's cross motion pursuant to CPLR 3211(a)(5) to dismiss so much of the petition as pertained to certain bank accounts at Hudson City Bank and TD Bank. The order dated July 27, 2016, insofar as appealed from, upon renewal and reargument, adhered to the original determination.
ORDERED that the appeal from the order dated January 12, 2016, is dismissed, as that order was superseded by the order dated July 27, 2016, made upon renewal and reargument; and it is further,
ORDERED that the order dated July 27, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner, payable by Audrey L. Silverstein personally.
The decedent, Frances Asch, died in December 2012, and her daughters, the petitioner, Laura E. Solomon, and the respondent, Audrey L. Silverstein, were appointed co-executors of Asch's estate. In January 2014, Solomon commenced this proceeding pursuant to SCPA 2103 against Silverstein seeking the discovery and return of certain bank and brokerage accounts allegedly belonging to the decedent's estate. The petition identified a bank account opened by the decedent with Silverstein at Hudson City Bank (hereinafter the Hudson City account), which allegedly was to be used as a "convenience account." Additionally, the petition alleged that the decedent held a bank account at TD Bank (hereinafter the TD account), which was "retitled" in July 2011 to be a joint account with Silverstein, with Silverstein having the sole right of survivorship.
On May 31, 2014, Solomon commenced an action against TD Bank (hereinafter the TD Bank action), alleging conversion and violations of the Uniform Commercial Code (hereinafter the UCC) and seeking recovery of the funds in the TD account. By stipulation dated May 6, 2015, the TD Bank action was discontinued with prejudice. Thereafter, Solomon moved to amend the petition in this proceeding and Silverstein cross-moved pursuant to CPLR 3211(a)(5) to dismiss so much of the petition as pertains to the Hudson City account as time-barred and so much of the petition as pertains to the TD account as precluded by the doctrine of res judicata and collateral estoppel. The Surrogate's Court granted the motion in an order dated December 8, 2015. In the first order appealed from, dated January 12, 2016, the court denied Silverstein's cross motion. In an order dated July 27, 2016, the court, upon renewal and reargument of the cross motion, adhered to its original determination. Silverstein appeals from the orders dated January 12, 2016, and July 27, 2016.
On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on statute of limitations grounds, the movant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. In this regard, the movant must establish, inter alia, when the cause of action accrued (see Rodeo Family Enters., LLC v Matte, 99 AD3d 781, 783-784; Swift v New York Med. Coll., 25 AD3d 686, 687; Gravel v Cicola, 297 AD2d 620, 620-621). A discovery proceeding pursuant to SCPA article 21 has been likened to an action for conversion or replevin and a three-year statute of limitations has been applied (see Matter of Chung Li, 95 AD3d 881, 881; Matter of King, 305 AD2d 683, 683; CPLR 214[3]). A conversion cause of action accrues and the limitations period begins to run on the date the conversion allegedly occurred (see Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44; Matter of Rausman, 50 AD3d 909, 910). " Where possession is originally lawful, a conversion does not occur until the owner makes a demand for the return of the property and the person in possession of the property refuses to return it'" (Matter of Rausman, 50 AD3d at 910, quoting Matter of King, 305 AD2d at 683).
Silverstein failed to meet her prima facie burden of demonstrating that the statute of limitations on Solomon's cause of action relating to the Hudson City account had run. As alleged in the amended petition, the opening of the Hudson City account in late 2010 was not unlawful as it was created and used as a convenience account. There was no alleged wrongful act of possession until after the decedent's death. Consequently, Silverstein did not establish that the cause of action alleging conversion was untimely, and we agree with the Surrogate's Court's determination denying that branch of her cross motion which was to dismiss, as time-barred, so much of the amended petition as relates to the Hudson City account.
We also agree with the Surrogate's Court determination denying that branch of the cross motion which was to dismiss so much of the amended petition as relates to the TD account on the grounds of res judicata and collateral estoppel. "In determining whether a factual grouping constitutes a transaction for res judicata purposes, a court must apply a pragmatic test and analyze how the facts are related as to time, space, origin or motivation, whether they form a convenient trial unit, and whether treating them as a unit conforms to the parties' expectations or business understanding" (Bayer v City of New York, 115 AD3d 897, 898-899; see Xiao Yang Chen v Fischer, 6 NY3d 94, 100-101; Smith v Russell Sage Coll., 54 NY2d 185, 192-193). "Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same'" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500).
Although there are similarities in the underlying facts in the TD Bank action and this proceeding, the issues and claims in this proceeding relating to the TD account are premised upon Silverstein's alleged fraudulent or wrongful conduct in exercising undue influence over the decedent, whereas the TD Bank action was based upon TD Bank's alleged conversion of the decedent's assets and violations of the UCC. This proceeding and the TD Bank action each require the establishment of different facts and the application of different laws. Moreover, the issues of ownership and entitlement to the assets in the TD account were not determined in the TD Bank action. Under the circumstances, neither res judicata nor collateral estoppel bar Solomon's claims relating to the TD [*2]account in this proceeding (see Specialized Realty Servs., LLC v Maikisch, 123 AD3d 801, 802-803; Coliseum Towers Assoc. v County of Nassau, 217 AD2d 387, 391-392; Jefferson Towers, Inc. v Public Serv. Mut. Ins. Co., 195 AD2d 311, 313).
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., CHAMBERS, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court