Matter of Chung Li (2018 NY Slip Op 07120)





Matter of Chung Li


2018 NY Slip Op 07120


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-04701
2016-10189

[*1]In the Matter of Chung Li, etc., deceased.
Donald Edward Osborn, respondent; Chun Ka Luk, etc., appellant. (File No. 1965/10)


Heller, Horowitz & Feit, P.C., New York, NY (Eli Feit and Stuart A. Blander of counsel), for appellant.
Reed Smith LLP, New York, NY (John B. Berringer and Geoffrey G. Young of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to SCPA 2103, inter alia, to discover property allegedly withheld from the estate of Chung Li, Chun Ka Luk, as administrator of the estate of Nancy Lee Luk, appeals from (1) an order of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated March 3, 2016, and (2) an order of the same court dated August 15, 2016. The order dated March 3, 2016, insofar as appealed from, denied Chun Ka Luk's motion for summary judgment dismissing the petition on the ground that it was time-barred, and granted the petitioner's motion for summary judgment on the petition to the extent of finding that the estate of Chung Li has an ownership interest in two New York corporations, Lee Tai Enterprises USA, Ltd., and 238-240 7th Ave. Corp., and directing Chun Ka Luk to turn over to the petitioner any of the decedent's records or property, in Chun Ka Luk's possession, attributable to such interest. The order dated August 15, 2016, insofar as appealed from, denied Chun Ka Luk's cross motion for leave to reargue his motion for summary judgment.
ORDERED that the appeal from the order dated August 15, 2016, is dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507; Matter of Robinson, 30 AD2d 702); and it is further,
ORDERED that the order dated March 3, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The petitioner, Donald Edward Osborn, as ancillary administrator of the estate of Chung Li (hereinafter the decedent), commenced this proceeding pursuant to SCPA 2103 against Nancy Lee Luk (hereinafter Nancy), the decedent's daughter, for discovery and delivery of certain property allegedly belonging to the decedent's estate. Specifically, the petitioner alleged that Nancy converted the decedent's stock interests in certain family businesses. During the pendency of this proceeding, Nancy died, and her husband, Chun Ka Luk (hereinafter Luk), as administrator of [*2]Nancy's estate, was substituted as the respondent to the petition.
On a prior appeal, this Court affirmed an order denying Luk's motion to dismiss the petition on statute of limitations grounds (see Matter of Chung Li, 95 AD3d 881). Subsequently, Luk moved for summary judgment dismissing the petition on the ground that it is barred by the statute of limitations, and the petitioner moved for summary judgment on the petition. In an order dated March 3, 2016, the Surrogate's Court denied Luk's motion. In addition, the court, inter alia, granted the petitioner's motion to the extent that it found that the decedent's estate has an ownership interest in two specific New York corporations (hereinafter the subject corporations) and directed Luk to turn over to the petitioner any of the decedent's records or property, in Luk's possession, that were attributable to such interest. Luk appeals.
"The doctrine of the law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Martin v City of Cohoes, 37 NY2d 162, 165). "The doctrine applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case" (RPG Consulting, Inc. v Zormati, 82 AD3d 739, 740 [internal quotation marks omitted]; see Ramanathan v Aharon, 109 AD3d 529, 530; Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717). It bars reconsideration of issues which were raised and determined against a party or which could have been raised on a prior appeal (see Czernicki v Lawniczak, 103 AD3d 769, 770; Moran Enters., Inc. v Hurst, 96 AD3d 914, 916; Stone v Stone, 39 AD3d 534, 535). Luk's arguments concerning the statute of limitations were previously raised and decided against him on the prior appeal in this matter. Therefore, reconsideration of those issues is barred by the doctrine of the law of the case.
Further, we agree with the Surrogate's Court's determination to grant the petitioner's motion for summary judgment to the extent of finding that the decedent's estate has an ownership interest in the subject corporations and directing Luk to turn over to the petitioner any records or property, in Luk's possession, attributable to such interest. Contrary to Luk's contention, the petitioner met his burden of establishing the decedent's interest in the subject corporations (see generally United States Radiator Corp. v State of New York, 208 NY 144, 149; Estate of Essig v 5670 58 St. Holding Corp., 50 AD3d 948, 949; Szalkowski v Asbestospray Corp., 259 AD2d 867, 868; Tillman v Lincoln Warehouse Corp., 72 AD2d 40, 44). In response to the petitioner's prima facie showing, Luk failed to raise a triable issue of fact as to whether the decedent gifted his interest in the subject corporations to Nancy (see Matter of Lefft, 44 NY2d 915, 918; Matter of Kaminsky, 17 AD2d 690, 691).
Luk's remaining contentions are without merit.
MASTRO, J.P., SGROI, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court