Sky-Track Tech. Co. Ltd. v HSS Dev., Inc. (2018 NY Slip Op 08708)





Sky-Track Tech. Co. Ltd. v HSS Dev., Inc.


2018 NY Slip Op 08708


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2015-03741
 (Index No. 64536/14)

[*1]Sky-Track Technology Company Limited, appellant,
v
HSS Development, Inc., etc., defendant, Ben Jamil, etc., respondent.


Gertrude Onuoha, New York, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a partnership agreement, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lester B. Adler, J.), dated March 27, 2015. The order, insofar as appealed from, granted the motion of the defendant Ben Jamil pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for breach of a partnership agreement between it and Homeland Security Strategies GB, Ltd. (hereinafter Homeland). The complaint alleged that the partnership agreement, among other things, designated the plaintiff as Homeland's exclusive sales and marketing representative in Nigeria for Homeland's electronic security products and that Homeland agreed to provide experts and security equipment for the plaintiff's live demonstration workshop. The defendant Ben Jamil moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that he could not be held personally liable for Homeland's obligations under the partnership agreement. The Supreme Court granted Jamil's motion, and the plaintiff appeals.
"The general rule . . . is that a corporation exists independently of its owners, who are not personally liable for its obligations, and that individuals may incorporate for the express purpose of limiting their liability" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d 122, 126, affd 16 NY3d 775). "The concept of piercing the corporate veil is an exception to this general rule, permitting, in certain circumstances, the imposition of personal liability on owners for the obligations of their corporation" (id. at 126). "A plaintiff seeking to pierce the corporate veil must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff" (id.; see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 980). "Factors to be considered in determining whether the owner has abused the privilege of doing business in the corporate form' include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for [*2]personal use'" (East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d at 127, quoting Millennium Constr., LLC v Loupolover, 44 AD3d 1016, 1016-1017).
Here, the complaint set forth only conclusory allegations that Jamil and the corporate defendant, allegedly doing business under different names, acted as each other's alter egos. "Mere conclusory statements that a corporation is dominated or controlled by a shareholder are insufficient to sustain a cause of action against a shareholder in its individual capacity" (JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d at 981). The plaintiff failed to allege sufficient facts to reflect that Jamil exercised domination and control over Homeland "which is so complete that the corporation has no separate mind, will, or existence of its own" (Bowles v Errico, 163 AD2d 771, 772-773 [internal quotation marks omitted]). Further, inasmuch as the plaintiff offered nothing more than bald, unsubstantiated allegations that there was an abuse of the privilege of doing business in the corporate form, we agree with the Supreme Court that alter ego liability could not be imposed on Jamil (see Sacks v The Knolls at Pinewood, LLC, 157 AD3d 917, 919; East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 66 AD3d at 126-127).
Accordingly, we agree with the Supreme Court's determination to grant Jamil's motion to dismiss the complaint insofar as asserted against him.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court