US Bank N.A. v Primiano (2021 NY Slip Op 01086)





US Bank N.A. v Primiano


2021 NY Slip Op 01086


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-00507
2019-00508
 (Index No. 5977/11)

[*1]US Bank N.A., etc., respondent, 
v
Richard Primiano, Jr., et al., defendants, Elizabeth Primiano, appellant.


Rubin & Licatesi, P.C., Garden City, NY (Jeanine A. Oberster of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Jason J. Oliveri of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Elizabeth Primiano appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered November 9, 2018. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Elizabeth Primiano, to strike that defendant's amended answer, and for an order of reference, and denied that branch of that defendant's cross motion which was for leave to serve and file a second amended answer. The second order, insofar as appealed from, granted and denied the same relief and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
In February 2007, the defendant Elizabeth Primiano (hereinafter the defendant) borrowed the sum of $640,000 from New Century Mortgage Corporation. The loan was evidenced by an adjustable rate note and secured by a mortgage encumbering real property located in Massapequa. Thereafter, the plaintiff entered into a Pooling and Servicing Agreement executed in August 2007 (hereinafter the Pooling Agreement).
In April 2011, the plaintiff commenced this action to foreclose the mortgage. The defendant answered the complaint, but did not raise the issue of standing as an affirmative defense. In October 2012, the plaintiff moved for summary judgment on the complaint and for an order of reference. The defendant opposed the motion and cross-moved for leave to serve an amended answer to assert the affirmative defense of lack of standing and for summary judgment dismissing the complaint insofar as asserted against her.
In May 2014, the Supreme Court granted the plaintiff's motion and, in effect, denied the defendant's cross motion. On appeal, however, this Court modified the Supreme Court's order to deny the plaintiff's motion and to grant that branch of the defendant's cross motion which was for leave to serve an amended answer, finding that the proposed defense of lack of standing was neither [*2]palpably insufficient nor devoid of merit (see US Bank, N.A. v Primiano, 140 AD3d 857). Thereafter, the defendant served and filed an amended answer, inter alia, asserting the affirmative defense of lack of standing.
In March 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her amended answer, and for an order of reference. The defendant opposed the motion and cross-moved, among other things, for leave to serve and file a second amended answer.
In an order entered November 9, 2018, the Supreme Court inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her amended answer, and for an order of reference, and denied that branch of the defendant's cross motion which was for leave to serve and file a second amended answer. In a second order also entered November 9, 2018, the court, among other things, granted the same relief and appointed a referee to compute the amount due to the plaintiff. The defendant appeals from both orders.
A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "'Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident'" (U.S. Bank N.A. v Mezrahi, 169 AD3d 952, 953, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff established, prima facie, its standing to commence the action by submitting the affidavit of Shannon Childs, a representative of its loan servicer, with accompanying exhibits, including a copy of the note, endorsed in blank, and excerpts of the Pooling Agreement, establishing that the note was both assigned and physically delivered to the plaintiff prior to commencement of the action.
Contrary to the defendant's contention, the presence in the record of a version of the note without endorsements, which was exchanged during discovery, did not warrant denial of the plaintiff's motion (cf. Deutsche Bank Natl. Trust Co. v Webster, 142 AD3d 636, 638; U.S. Bank N.A. v Handler, 140 AD3d 948). In reply to the defendant's opposition papers, the plaintiff submitted a second affidavit of Childs, explaining that the copy of the note referred to by the defendant was merely an image of the note at the time of origination, not a copy of the note bearing subsequent endorsements. Although a party moving for summary judgment cannot meet its prima facie burden by submitting evidence for the first time in reply (see Citimortgage, Inc. v Espinal, 134 AD3d 876, 879), Childs' second affidavit was properly considered since it was submitted in response to the defendant's argument that multiple versions of the note raised a triable issue of fact (see e.g. CitiMortgage, Inc. v Goldberg, 179 AD3d 1006, 1008).
Furthermore, the Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which was for leave to serve and file a second amended answer. CPLR 3025(b) provides that leave to amend a pleading "shall be freely given." Thus, leave should be given where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party (see HSBC Bank v Picarelli, 110 AD3d 1031, 1031-1032; Aurora Loan Servs., LLC v Dimura, 104 AD3d 796, 796-797). Here, however, the defendant's proposed amendments are palpably insufficient and patently devoid of merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her amended answer, and for an order of reference, and denied that branch of the defendant's cross motion which was for leave to serve and file a second amended answer.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court