Matter of Chustckie (2022 NY Slip Op 01452)





Matter of Chustckie


2022 NY Slip Op 01452


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2019-11239
2020-01805

[*1]In the Matter of William Chustckie, deceased. June Williams, respondent; Steven Chustckie, et al., appellants. (File No. 13-3927/C)


The Law Office of Eliza D. Stahl, P.C. (Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY [Karen H. Tommer], of counsel), for appellants.
Wood and Associates, P.C. (Adam G. Wood and Creedon & Gill, P.C., Northport, NY [Peter J. Creedon], of counsel), for respondent.



DECISION & ORDER
In a probate proceeding in which June Williams petitioned pursuant to SCPA 2103 to discover and recover certain property or its value on behalf of the decedent's estate, Steven Chustckie and Jeffrey Chustckie appeal from (1) an order of the Surrogate's Court, Suffolk County (Theresa Whelan, S.), dated June 10, 2019, and (2) an order of the same court dated December 12, 2019. The order dated June 10, 2019, insofar as appealed from, denied the motion of Steven Chustckie and Jeffrey Chustckie for leave to amend their answers to add the affirmative defense of the statute of limitations and for summary judgment dismissing the petition. The order dated December 12, 2019, insofar as appealed from, upon reargument, adhered to the original determination in the order dated June 10, 2019, denying the motion of Steven Chustckie and Jeffrey Chustckie for leave to amend their answers to add the affirmative defense of the statute of limitations and for summary judgment dismissing the petition.
ORDERED that the order dated June 10, 2019, is reversed insofar as appealed from, on the law, the motion of Steven Chustckie and Jeffrey Chustckie for leave to amend their answers to add the affirmative defense of the statute of limitations and for summary judgment dismissing the petition is granted; and it is further,
ORDERED that the appeal from the order dated December 12, 2019, is dismissed as academic in light of our determination on the appeal from the order dated June 10, 2019; and it is further,
ORDERED that one bill of costs is awarded to Steven Chustckie and Jeffrey Chustckie.
The appellants, Steven Chustckie and Jeffrey Chustckie, are the sons of the decedent William Chustckie (hereinafter William). After William and the appellants' mother divorced, William married a woman named Geraldine. The petitioner is Geraldine's daughter. William died on February 1, 2013, and Geraldine received letters testamentary as the executor of his estate. [*2]Following Geraldine's death, the petitioner received successor letters testamentary as the executor of William's estate.
On June 23, 2016, the petitioner filed a petition pursuant to SCPA 2103 for the discovery and turnover of, inter alia, funds which were distributed to William from an annuity before his death. Following discovery, the appellants moved for leave to amend their answers to add the affirmative defense of the statute of limitations and, after amendment, for summary judgment dismissing the petition on that ground. By order dated June 10, 2019, the Surrogate's Court, among other things, denied the appellants' motion. Thereafter, the appellants cross-moved, inter alia, for leave to reargue. By order dated December 12, 2019, the Surrogate's Court, among other things, upon reargument, adhered to its prior determination denying the appellants' motion. This appeal ensued.
"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). CPLR 3025(b) provides that leave to amend a pleading "shall be freely given" (see US Bank N.A. v Primiano, 191 AD3d 926, 928). "Thus, leave should be given where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (US Bank N.A. v Primiano, 191 AD3d at 928; see Ditech Fin., LLC v Khan, 189 AD3d 1360, 1361-1362; Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853). "'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Ditech Fin., LLC v Khan, 189 AD3d at 1362, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 863; see Nationstar Mtge., LLC v Jean-Baptiste, 178 AD3d 883, 886). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Ditech Fin., LLC v Khan, 189 AD3d at 1362; see Wells Fargo Bank, N.A. v Spatafore, 183 AD3d at 853).
Here, the Surrogate's Court should have granted that branch of the appellants' motion which was for leave to amend their answers to add the affirmative defense of the statute of limitations. The petitioner failed to demonstrate that she would be prejudiced or surprised by the proposed amendment. The petitioner also failed to demonstrate that the proposed amendment was palpably insufficient or patently devoid of merit.
The Surrogate's Court also should have granted that branch of the appellants' motion which was for summary judgment dismissing the petition on the ground that it was barred by the statute of limitations. "A discovery proceeding pursuant to SCPA article 21 has been likened to an action for conversion or replevin and a three-year statute of limitations has been applied" (Matter of Asch, 164 AD3d 787, 788; see CPLR 214[3]; Matter of Chung Li, 95 AD3d 881, 881). "A conversion cause of action accrues and the limitations period begins to run on the date the conversion allegedly occurred" (Matter of Asch, 164 AD3d at 788; see Matter of Chung Li, 95 AD3d at 881-882). Here, the appellants produced evidence in the form of bank statements demonstrating that the annuity funds at issue were withdrawn and deposited into a joint bank account owned by William and the appellant Steven Chustckie, and that they were then transferred into a personal account owned solely by Steven Chustckie on December 31, 2012, and January 3, 2013. Since the petition was not filed until June 23, 2016, the appellants demonstrated, prima facie, that the petitioner's claim was time-barred.
In opposition, the petitioner failed to raise a triable issue of fact. Contrary to the petitioner's contention, the applicable statute of limitation was not six years. The petition did not allege a cause of action sounding in fraud or breach of fiduciary duty. Moreover, even if the petition had alleged breach of fiduciary duty, the applicable statute of limitations would still be three years because the petition sought money damages only and fraud was not essential to the claim (see Roumi v Guardian Life Ins. Co. of Am., 191 AD3d 911, 912-913; LMEG Wireless, LLC v Farro, 190 AD3d 716, 719-720; Siegler v Lippe, 189 AD3d 903, 905).
The petitioner's remaining contention is without merit.
BRATHWAITE NELSON, J.P., MILLER, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court