Johnson v Ortiz Transp., LLC (2022 NY Slip Op 02986)





Johnson v Ortiz Transp., LLC


2022 NY Slip Op 02986


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-14263
 (Index No. 66425/16)

[*1]Gertrude C. Johnson, appellant, 
v
Ortiz Transportation, LLC, et al., respondents (and a related action).


Grant & Longworth, LLP, Dobbs Ferry, NY (Andrew C. Chan of counsel), for appellant.
Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Joel M. Simon of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Gerald E. Loehr, J.), dated November 14, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were pursuant to CPLR 3025(b) for leave to amend the complaint to add Edgar Ortiz, Maria Ortiz, and Josue Daniel Padilla as defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2016, the plaintiff commenced this action against the defendants, Ortiz Transportation, LLC (hereinafter OT), and Omar H. Cespedes, to recover damages for personal injuries that she allegedly sustained in a 2015 motor vehicle accident. The complaint asserted causes of action alleging negligence and violations of the Federal Motor Carrier Safety Regulations (hereinafter FMCSR). The defendants interposed an answer dated April 7, 2017. Following the deposition of OT by its dispatcher Edgar Ortiz (hereinafter Edgar), the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint to add Edgar, Maria Ortiz (hereinafter Maria), Quick Transportation, LLC (hereinafter Quick), and Josue Daniel Padilla as defendants. By order dated November 14, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to amend the complaint to add Quick as a defendant, and denied those branches of the motion which were to add Edgar, Maria, and Padilla (hereinafter collectively the proposed individual defendants) as defendants because "no factual basis for their liability has been set forth." The plaintiff appeals from so much of the order as denied those branches of her motion which were for leave to amend the complaint to add the proposed individual defendants.
"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). Whether to grant leave to amend is within the trial court's discretion (see e.g. Mulle v Lexington Ins. Co., 198 AD3d 908, 910-911; Tavor v Lane Towers Owners, Inc., 197 AD3d 584, 586; Landsman v Tolo, 194 AD3d 1034, 1035-1036). However, leave to amend a pleading "shall be freely given" (CPLR 3025[b]; see US Bank N.A. v [*2]Primiano, 191 AD3d 926, 928). "'No evidentiary showing of merit is required under CPLR 3025(b)'" (Westchester County Corr. Officers Benevolent Assn., Inc. v County of Westchester, 197 AD3d 684, 685, quoting Lucido v Mancuso, 49 AD3d 220, 229; see Watkins-Bey v MTA Bus Co., 174 AD3d 553, 554). "Thus, leave should be given where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party" (US Bank N.A. v Primiano, 191 AD3d at 928; see Ditech Fin., LLC v Khan, 189 AD3d 1360, 1361-1362; Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853).
Here, the Supreme Court properly found, in effect, that the proposed amended complaint was palpably insufficient or patently devoid of merit because it failed to allege facts sufficient to hold the proposed individual defendants personally liable under a piercing the corporate veil theory (see Allstate ATM Corp. v E.S.A. Holding Corp., 98 AD3d 541, 542). "'Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury'" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47, quoting Conason v Megan Holding, LLC, 25 NY3d 1, 18; see Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d 941, 946). "However, '[e]vidence of domination alone does not suffice without an additional showing that it led to inequity, fraud or malfeasance'" (Americore Drilling & Cutting, Inc. v EMB Contr. Corp., 198 AD3d at 946, quoting TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339). Even assuming that the proposed amended complaint satisfied the first element, it is completely devoid of any allegations as to how Edgar and Maria used their domination of OT to commit a wrong against the plaintiff (see TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d 1135, 1136; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d 979, 981).
In addition, while the proposed amended complaint alleges that the proposed individual defendants violated the FMCSR, these allegations are made in support of the plaintiff's state law claims sounding in negligence, including, inter alia, negligent hiring and supervision. The proposed amended complaint does not allege facts sufficient to support piercing the corporate veil with respect to any of the proposed individual defendants (see TMCC, Inc. v Jennifer Convertibles, Inc., 176 AD3d at 1136; JGK Indus., LLC v Hayes NY Bus., LLC, 145 AD3d at 981). Accordingly, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were for leave to amend the complaint to add Edgar, Maria, and Padilla as defendants.
In light of our determination, the parties' remaining contentions are academic.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court