Hill Plaza Enters. NY, LLC v Terris (2024 NY Slip Op 50565(U))

[*1]

Hill Plaza Enters. NY, LLC v Terris

2024 NY Slip Op 50565(U)

Decided on May 3, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 3, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : CHEREÉ A. BUGGS, J.P., LISA S. OTTLEY, PHILLIP HOM, JJ

2023-233 K C

Hill Plaza Enterprises NY, LLC, Respondent,
against
Magadeline Terris, Appellant. 

Brooklyn Legal Services (Christopher K. Schmitt of counsel), for appellant.
Borah, Goldstien, Altschuler, Schwartz & Nahins (Paul N. Gruber of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Elizabeth Donoghue, J.), entered August 4, 2022. The order denied tenant's motion for leave to amend her answer to assert additional facts in support of her rent overcharge counterclaim in a nonpayment summary proceeding.

ORDERED that the order is reversed, without costs, tenant's motion for leave to amend her answer is granted and the proposed amended answer is deemed timely filed and served.
In this nonpayment proceeding commenced in September 2019, tenant moved to dismiss the petition on the ground that the arrears had been satisfied and for leave to conduct discovery related to her overcharge counterclaim based on an alleged fraudulent deregulation scheme. The Civil Court granted tenant's motion by order dated March 9, 2020. In 2022, tenant moved, due to a change in the law that occurred in 2020, for leave to amend her answer to sufficiently plead a fraudulent deregulation scheme in support of her overcharge counterclaim. The Civil Court denied the motion, as it found no excuse for the delay in moving for leave to amend and because tenant did not establish a claim of fraud and the amendment did not contain new facts or allegations.
"In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications to amend or supplement a pleading are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit" (Toiny, LLC v Rahim, 214 AD3d 1023, 1024 [2023] [internal quotation marks omitted]). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Wells Fargo Bank, N.A. v Spatafore, 183 AD3d 853, 853 [2020]). The determination to permit or deny an amendment is within the sound discretion of the trial court (see US Bank N.A. v Murillo, 171 AD3d 984, 986 [2019]).
Notwithstanding the two-year delay (see Nationstar Mtge., LLC v Jean-Baptiste, 178 [*2]AD3d 883, 886 [2019] ["Mere lateness is not a barrier to (an) amendment"] [internal quotation marks omitted]), the Civil Court improvidently exercised its discretion in denying tenant's motion for leave to amend her answer as landlord did not meet its burden to show prejudice or surprise (see Matter of Chustckie, 203 AD3d 820, 822 [2022]). Further, tenant's proposed amendment was "neither palpably insufficient nor patently devoid of merit" (Toiny, LLC v Rahim, 214 AD3d at 1024).
Accordingly, the order is reversed, tenant's motion for leave to amend her answer is granted, and the proposed amended answer is deemed timely filed and served.
BUGGS, J.P., OTTLEY and HOM, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 3, 2024